IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BOSTON SCIENTIFIC CORPORATION, GUIDANT CORPORATION, and MIROWSKI FAMILY VENTURES L.L.C., | ) ) ) ) |
| Defendants. | ) ) |

C. A. No. 07-823-SLR/LPS

## ANSWER OF BOSTON SCIENTIFIC CORPORATION AND GUIDANT CORPORATION TO MEDTRONIC, INC.'S COMPLAINT

Defendants Boston Scientific Corporation and Guidant Corporation (collectively, "BSC") respond to the Complaint filed by Plaintiff Medtronic, Inc. ("Medtronic") as follows:

### THE PARTIES

1. BSC admits that Medtronic is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway NE, Minneapolis, Minnesota 55432-5064, and that Medtronic is a manufacturer and seller of medical devices in the United States and worldwide. Except as expressly admitted, BSC denies the allegations of paragraph 1.

2. BSC admits that Boston Scientific Corporation ("Boston Scientific") is a Delaware corporation with a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760-1537, and that Guidant Corporation ("Guidant") is a wholly-owned subsidiary of Boston Scientific. Except as expressly admitted, BSC denies the allegations of paragraph 2.

3. BSC admits that Guidant is an Indiana corporation with a principal place of business at 11711 North Meridian Street, Suite 850, Carmel, IN 46032, that Guidant is a wholly-owned subsidiary of Boston Scientific, and that Guidant is the exclusive licensee of U.S. Patent

Nos. RE39,897 ("the '897 patent") and RE38,119 ("the '119 patent"). Except as expressly admitted, BSC denies the allegations of paragraph 3.

4.  BSC admits that Mirowski Family Ventures, L.L.C. ("MFV") is a Maryland limited liability company and that MFV is the assignee of the '119 and '897 patents. BSC admits that MFV has the right to receive royalties, share in infringement damages, join in infringement actions, and initiate infringement actions with respect to the patents that MFV has licensed to Guidant. Except as expressly admitted, BSC denies the allegations of paragraph 4.

## JURISDICTION AND VENUE

5.  BSC does not dispute jurisdiction or venue.

## FACTUAL BACKGROUND

6.  BSC admits that Medtronic is engaged in the business of manufacturing, promoting, offering for sale, and selling certain implantable cardiac stimulation devices that are capable of providing cardiac resynchronization therapy. Except as expressly admitted, BSC denies the allegations of paragraph 6.

7.  BSC admits that MFV alleges that certain of Medtronic's implantable cardiac stimulation devices infringe at least one of claims 15, 19, 20, and 26 of the '119 patent and claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent. BSC admits that the '119 and '897 patents are entitled "Method and Apparatus for Treating Hemodynamic Disfunction." Except as expressly admitted, BSC denies the allegations of paragraph 7.

8.  BSC admits that the '119 patent issued from Application No. 08/547,691 ("the '691 application") on May 20, 2003. BSC admits that the '691 application is a continuation of Reissue Application No. 07/890,280, which in turn is a reissue of U.S. Pat. No. 4,928,688 ("the

'688 patent"). BSC admits that the '688 patent issued on May 29, 1990. Except as expressly admitted, BSC denies the allegations of paragraph 8.

9. Admitted.

10. Admitted.

11. BSC admits that Eli Lilly and Company ("Lilly") was the exclusive licensee and Cardiac Pacemakers, Inc. ("CPI") was the sublicensee of the '688 patent. Except as expressly admitted, BSC denies the allegations of paragraph 11.

12. Admitted.

13. Admitted.

14. Admitted.

15. BSC admits that Article III of the May 13, 1991, agreement states that "[w]ith respect to . . . any new Medtronic devices, if Medtronic is not paying royalties on such new device, and Lilly or the Mirowski family believes that such device infringes one or more of the Mirowski patent(s), Lilly shall notify Medtronic of such infringement" and that "Medtronic shall have ninety days to cure the nonpayment of royalties" and "challenge Lilly's assertion of infringement . . . through a Declaratory Judgment action." Except as expressly admitted, BSC denies the allegations of paragraph 15.

16. BSC admits that Medtronic has previously instituted at least two declaratory judgment actions, each of which has been terminated. Except as expressly admitted, BSC denies the allegations of paragraph 16.

17. BSC admits that Medtronic instituted an action against, *inter alia*, Guidant, Lilly, and CPI in the Southern District of Indiana on May 19, 2003 (1:00-CV-00742), alleging noninfringement of the '688 patent by the InSync III. BSC admits that after the parties stipulated

3

to a stay of the case in October 2003, the case was dismissed without prejudice in February 2004. Except as expressly admitted, BSC denies the allegations of paragraph 17.

18. BSC admits that Medtronic initiated an action against, *inter alia*, Guidant and Lilly in the District of Delaware on August 29, 2003 (C.A. No. 03-848 (SLR)), alleging that claims 15-26 of the '119 patent were invalid because "there was no error without deceptive intent in the original prosecution of the '688 patent within the meaning of 35 U.S.C. § 251" and because they "improperly recaptured subject matter which had voluntarily been surrendered . . . during prosecution of the '688 patent." BSC admits that Medtronic also alleged that it was entitled to statutory and equitable intervening rights under 35 U.S.C. § 252 and that this action was terminated on July 19, 2005. Except as expressly admitted, BSC denies the allegations of paragraph 18.

19. Admitted.

20. Denied because paragraph 20 does not accurately recite the terms of the Litigation Tolling Agreement.

21. Admitted, except that "InSync II Protect" is assumed to refer to "InSync Protect."

22. BSC admits that by letter on November 20, 2007, MFV informed Medtronic that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent. Except as expressly admitted, BSC denies the allegations of paragraph 22.

23. Admitted, except that the challenge with respect to the '119 patent is limited to the asserted claims of the '119 patent.

24. Denied.

25. Denied.

26. Denied.

## COUNT ONE - NONINFRINGEMENT OF '119 PATENT

27. BSC hereby restates and realleges each of its responses to paragraphs 1 through 26.

28. BSC admits that MFV has asserted that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 15, 19, 20, and 26 of the '119 patent, and that there is an actual controversy within this Court's jurisdiction. Except as expressly admitted, BSC denies the allegations of paragraph 28.

29. Denied.

30. Denied.

## COUNT TWO - INVALIDITY OF THE '119 PATENT

31. BSC hereby restates and realleges each of its responses to paragraphs 1 through 26.

32. Denied.

33. Denied.

## COUNT THREE - NONINFRINGEMNT OF THE '897 PATENT

34. BSC hereby restates and realleges each of its responses to paragraphs 1 through 26.

35. BSC admits that MFV has asserted that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288,

294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent, and that there is an actual controversy within this Court's jurisdiction. Except as expressly admitted, BSC denies the allegations of paragraph 35.

36. Denied.

37. Denied.

### COUNT FOUR – INVALIDITY OF THE '897 PATENT

38. BSC hereby restates and realleges each of its responses to paragraphs 1 through 26.

39. Denied.

40. Denied.

WHEREFORE, BSC requests that Medtronic's Complaint be dismissed with prejudice and that BSC be awarded its costs, disbursements, attorneys' fees, and such other relief as the Court deems just and proper.

OF COUNSEL:

J. Michael Jakes, Esquire
Naveen Modi, Esquire
Finnegan Henderson Farabow
  Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC  20001-4413
202-408-4000

Dated: February 8, 2008

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Defendants,
Boston Scientific Corporation and
Guidant Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE  19899-0951

I hereby certify that on February 8, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Jan M. Conlin
Richard M. Martinez
Martin R. Lueck
Sharon E. Roberg-Perez
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Arthur I. Neustadt
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia  22314

_/s/ Anne Shea Gaza_
Anne Shea Gaza (#4093)
gaza@rlf.com