IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-823-SLR |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) **JURY TRIAL DEMANDED** |
| GUIDANT CORPORATION and MIROWSKI | ) |
| FAMILY VENTURES, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIM OF MIROWSKI FAMILY VENTURES, L.L.C.

### RESPONSE TO COMPLAINT

Defendant Mirowski Family Ventures L.L.C. ("MFV") responds to the complaint filed by plaintiff Medtronic, Inc. ("Medtronic") as follows.

### The Parties

1. MFV admits that Medtronic is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway NE, Minneapolis, Minnesota 55432-5064, and that Medtronic is a manufacturer and seller of medical devices in the United States and worldwide. Except as expressly admitted, MFV denies the allegations of paragraph 1.

2. MFV admits that Boston Scientific Corporation ("Boston Scientific") is a Delaware corporation with a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760-1537, and that Guidant Corporation ("Guidant") is a wholly-owned subsidiary of Boston Scientific. Except as expressly admitted, MFV denies the allegations of paragraph 2.

3. MFV admits that Guidant is an Indiana corporation with a principal place of business at 11711 North Meridian Street, Suite 850, Carmel, IN 46032, that Guidant is a wholly-

owned subsidiary of Boston Scientific, and that Guidant is the exclusive licensee of U.S. Patent Nos. RE39,897 ("the '897 patent") and RE38,119 ("the '119 patent"). Except as expressly admitted, MFV denies the allegations of paragraph 3.

4. MFV admits that it is a Maryland limited liability company and that it is the assignee of the '119 and '897 patents. MFV admits that it has the right to receive royalties, share in infringement damages, join in infringement actions, and initiate infringement actions with respect to the patents that it has licensed to Guidant. Except as expressly admitted, MFV denies the allegations of paragraph 4.

### Jurisdiction and Venue

5. MFV does not dispute jurisdiction or venue.

### Factual Background

6. MFV admits that Medtronic is engaged in the business of manufacturing, promoting, offering for sale, and selling certain implantable cardiac stimulation devices that are capable of providing cardiac resynchronization therapy. Except as expressly admitted, MFV denies the allegations of paragraph 6.

7. MFV admits that it alleges that certain of Medtronic's implantable cardiac stimulation devices infringe at least one of claims 15, 19, 20, and 26 of the '119 patent and claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent. MFV admits that the '119 and '897 patents are entitled "Method and Apparatus for Treating Hemodynamic Disfunction." Except as expressly admitted, MFV denies the allegations of paragraph 7.

8. MFV admits that the '119 patent issued from Application No. 08/547,691 ("the '691 application") on May 20, 2003. MFV admits that the '691 application is a continuation of

Reissue Application No. 07/890,280, which in turn is a reissue of U.S. Pat. No. 4,928,688 ("the '688 patent"). MFV admits that the '688 patent issued on May 29, 1990. Except as expressly admitted, MFV denies the allegations of paragraph 8.

9. MFV admits the allegations of paragraph 9.

10. MFV admits the allegations of paragraph 10.

11. MFV admits that Eli Lilly and Company ("Lilly") was the exclusive licensee and Cardiac Pacemakers, Inc. ("CPI") was the sublicensee of the '688 patent. Except as expressly admitted, MFV denies the allegations of paragraph 11.

12. MFV admits the allegations of paragraph 12.

13. MFV admits the allegations of paragraph 13.

14. MFV admits the allegations of paragraph 14.

15. MFV admits that Article III of the May 13, 1991, agreement states that "[w]ith respect to . . . any new Medtronic devices, if Medtronic is not paying royalties on such new device, and Lilly or the Mirowski family believes that such device infringes one or more of the Mirowski patent(s), Lilly shall notify Medtronic of such infringement" and that "Medtronic shall have ninety days to cure the nonpayment of royalties" and "challenge Lilly's assertion of infringement . . . through a Declaratory Judgment action." Except as expressly admitted, MFV denies the allegations of paragraph 15.

16. MFV admits that Medtronic has previously instituted at least two declaratory judgment actions, each of which has been terminated. Except as expressly admitted, MFV denies the allegations of paragraph 16.

17. MFV admits that Medtronic instituted an action against, *inter alia*, Guidant, Lilly, and CPI in the Southern District of Indiana on May 19, 2003 (1:00-CV-00742), alleging noninfringement of the '688 patent by the InSync III. MFV admits that after the parties stipulated to a stay of the case in October 2003, the case was dismissed without prejudice in February 2004. Except as expressly admitted, MFV denies the allegations of paragraph 17.

18. MFV admits that Medtronic initiated an action against, *inter alia*, Guidant and Lilly in the District of Delaware on August 29, 2003 (C.A. No. 03-848 (SLR)), alleging that claims 15-26 of the '119 patent were invalid because "there was no error without deceptive intent in the original prosecution of the '688 patent within the meaning of 35 U.S.C. § 251" and because they "improperly recaptured subject matter which had voluntarily been surrendered . . . during prosecution of the '688 patent." MFV admits that Medtronic also alleged that it was entitled to statutory and equitable intervening rights under 35 U.S.C. § 252 and that this action was terminated on July 19, 2005. Except as expressly admitted, MFV denies the allegations of paragraph 18.

19. MFV admits the allegations of paragraph 19.

20. MFV denies the allegations of paragraph 20 since they do not accurately recite the terms of the Litigation Tolling Agreement.

21. MFV admits the allegations of paragraph 21 except that "InSync II Protect" is assumed to refer to "InSync Protect."

22. MFV admits that by letter on November 20, 2007, it informed Medtronic that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 120, 162, 172, 184, 201, 211, 217,

225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent. Except as expressly admitted, MFV denies the allegations of paragraph 22.

23. MFV admits the allegations of paragraph 23 except that the challenge with respect to the '119 patent is limited to the asserted claims of the '119 patent.

24. MFV denies the allegations of paragraph 24.

25. MFV denies the allegations of paragraph 25.

26. MFV denies the allegations of paragraph 26.

## Count I

27. MFV hereby restates and realleges each of its responses to paragraphs 1 through 26.

28. MFV admits that it has asserted that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 15, 19, 20, and 26 of the '119 patent, and that there is an actual controversy within this Court's jurisdiction. Except as expressly admitted, MFV denies the allegations of paragraph 28.

29. MFV denies the allegations of paragraph 29.

30. MFV denies the allegations of paragraph 30.

## Count II

31. MFV hereby restates and realleges each of its responses to paragraphs 1 through 26.

32. MFV denies the allegations of paragraph 32.

33. MFV denies the allegations of paragraph 33.

5

Count III

34. MFV hereby restates and realleges each of its responses to paragraphs 1 through 26.

35. MFV admits that it has asserted that Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync, InSync Sentry, InSync Protect, and Concerto products infringe at least one of claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320, and 324-328 of the '897 patent, and that there is an actual controversy within this Court's jurisdiction. Except as expressly admitted, MFV denies the allegations of paragraph 35.

36. MFV denies the allegations of paragraph 36.

37. MFV denies the allegations of paragraph 37.

Count IV

38. MFV hereby restates and realleges each of its responses to paragraphs 1 through 26.

39. MFV denies the allegations of paragraph 39.

40. MFV denies the allegations of paragraph 40.

WHEREFORE, MFV requests that Medtronic's complaint be dismissed with prejudice and that MFV be awarded its costs, disbursements, attorneys' fees, and such other relief as the Court deems just and proper.

COUNTERCLAIM FOR DECLARATORY RELIEF

MFV states the following counterclaim against Medtronic.

The Parties

41.     On information and belief, Medtronic is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway NE, Minneapolis, Minnesota 55432-5604.

42.     MFV is a Maryland limited liability company.

Jurisdiction and Venue

43.     Subject matter jurisdiction is proper under 28 U.S.C. §1332 and §2201. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper under 28 U.S.C. §1391(c).

Factual Background

44.     On April 30, 2003, Medtronic and MFV entered into an escrow agreement which refers (recital A) to a settlement agreement which provides for the deposit by Medtronic of unpaid royalties and interest thereon on the sale of devices covered by patent 4,407,288 ("the '288 patent").

45.     The escrow agreement (paragraph 3) provides for distribution of the escrow fund and termination of the escrow "based on the results of a ruling to be issued by the United States Court of Appeals for the Federal Circuit (the 'CAFC')" with respect to the "St. Jude Litigation" involving the '288 patent.

46.     The escrow agreement (paragraph 3) lists three possible scenarios (scenarios A, B and C) depending upon the nature of the ruling by the CAFC. Under scenario A, MFV is entitled to the entire escrow fund.

47.     The ruling by the CAFC (*Cardiac Pacemakers Inc. v. St. Jude Medical Inc.*, 381 F.3d 1371 (Fed. Cir. 2004)) resulted in the occurrence of scenario A.

48. MFV notified the escrow agent of the occurrence of scenario A and requested that the escrow fund be distributed to MFV.

49. Medtronic notified the escrow agent that it objected to the distribution of the escrow fund to MFV. Medtronic asserts that scenario A did not occur.

50. Medtronic and MFV have corresponded with each other concerning their dispute with respect to the occurrence of scenario A.

51. The escrow agreement (paragraph 14) provides that "[a]s between Mirowski and Medtronic, the prevailing party in any dispute respecting a breach of this Agreement shall be entitled to recover its legal fees and costs from the losing party in any action or proceeding related to this Agreement."

52. There is an actual controversy between Medtronic and MFV with respect to the occurrence of scenario A and the distribution of the escrow fund.

WHEREFORE, it is requested that the Court declare that scenario A did occur, that the escrow agent should deliver the entire escrow fund to MFV and that MFV, as the prevailing party, is entitled to its legal fees and costs.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel: (703) 413-3000

Dated: February 8, 2008
847484 / 32582

By: /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, DE 19899
   Tel: (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Defendant
Mirowski Family Ventures, L.L.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on February 8, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 8, 2008, the attached document was Electronically to the following person(s):

| | |
|---|---|
| Arthur G. Connolly, III<br>1007 North Orange Street<br>The Nemours Building<br>P.O. Box 2207<br>Wilmington, DE  19899-2207<br>aconnollyiii@cblh.com | Martin R. Lueck<br>Jan M. Conlin<br>Richard M. Martinez<br>Sharon E. Roberg-Perez<br>Robins, Kaplan, Miller & Ciresi, L.L.P.<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN  55402-2015<br>mrlueck@rkmc.com<br>jmconlin@rkmc.com<br>rmmartinez@rkmc.com<br>seroberg-perez@rkmc.com |
| Frederick L. Cottrell, III<br>Anne Shea Gaza (#4093)<br>One Rodney Square<br>920 North King Street<br>P.O. Box 551<br>Wilmington, DE  19899-0551<br>cottrell@rlf.com<br>gaza@rlf.com | |

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

845408 / 32582