IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-823-SLR-LPS |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) **JURY TRIAL DEMANDED** |
| GUIDANT CORPORATION and MIROWSKI | ) |
| FAMILY VENTURES, L.L.C., | ) |
| | ) |
| Defendants. | ) |

## SCHEDULING ORDER

At Wilmington this _____ day of _____, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by __April 30, 2008__ the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

Generally, Plaintiff Medtronic will need discovery regarding its claims that the accused Medtronic devices do not infringe the asserted '119 Reissue Patent claims 15, 19, 20 and 26, and the asserted '897 Reissue Patent claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273, 282, 288, 294, 303, 308, 309, 314, 315, 320 and 324-328, and that the asserted '119 Reissue Patent claims and the asserted '897 Reissue Patent claims are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, 132, 251.

Generally, Defendants will need discovery regarding Medtronic's assertions as to non-infringement and invalidity and its assertions as to distribution of the escrow account set forth in defendant MFV's counterclaim.

(b) All fact discovery shall be commenced in time to be completed by __March 16, 2009__.

(1) Document production <u>by the parties</u> shall be completed on or before ___October 31, 2008___.

(2) Maximum of __25__ interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of __50__ requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of __10__ fact depositions by plaintiff and __10 (plaintiff's proposal); 15 (defendants' proposal),__ by defendant(s). Each fact deposition [other than of __depositions involving a foreign language and translator__] limited to a maximum of

2

__7__ hours unless extended by agreement of the parties.

    (c)    Expert discovery shall be commenced in time to be completed by __June 8, 2009__.

    (1)    Expert reports on issues for which the parties have the burden of proof due __March 31, 2009__. Rebuttal expert reports due __May 11, 2009__.

    (2)    Expert depositions to be limited to a maximum of __7__ hours unless extended by agreement of the parties.

    (3)    All <u>Daubert</u> motions shall be filed on or before __July 1, 2009__.

    (d)    Supplementations under Rule 26(e) due <u>as provided in the Federal Rules of Civil Procedure</u>.

    (e)    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

    3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before __February 27, 2009__.

(plaintiff's proposal: Notwithstanding this provision, no amendment to the asserted patent claims be permitted after July 1, 2008. defendant's proposal: If there is to be such a provision, it should be as follows: Plaintiff Medtronic shall provide to defendant Mirowski by May 31, 2008 the basis for its allegations of non-infringement and invalidity in its complaint in response to defendant Mirowski's infringement contentions served November 20, 2007. No amendment to the parties infringement and invalidity contentions shall be made after March 16, 2009.)

4. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on   January 30, 2009 (plaintiff's proposal); March 16, 2009 (defendants' proposal).   This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before   July 1, 2009  . Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on   June 8, 2009  , with the claim chart separately docketed. The parties will file

4

simultaneous opening claim construction briefs on ___July 1, 2009___. Simultaneous response briefs should be filed by ___August 3, 2009___. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on ___(date)___ at ___(time)___. _.m.

7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b)  No telephone calls shall be made to chambers.

    (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8.  **Motions in Limine.** No motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.  **Pretrial Conference.** A pretrial conference will be held on ___(date)___ at ___(time)___. _.m. in Courtroom No. 6B, Sixth Floor Federal Building, 844

5

King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

        10.    **Trial**. This matter is scheduled for a <u>2 week (defendants' proposal), 4 week (plaintiff's proposal)</u> [bench/jury] trial commencing on ____(date)____ in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                                                           _____
                                                                                           United States District Judge

860397