# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MEDTRONIC, INC.,                                )
                                                )
              Plaintiff,                       )
                                                )
    v.                                       )   C.A. No. 07-823-SLR-LPS
                                                )
BOSTON SCIENTIFIC CORPORATION,                  )   **PUBLIC VERSION**
GUIDANT CORPORATION and MIROWSKI                )
FAMILY VENTURES, L.L.C.,                         )
                                                )
              Defendants.                      )

## DEFENDANT MIROWSKI FAMILY VENTURES, L.L.C.'S
## OPENING BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
## <u>PLAINTIFF MEDTRONIC'S JURY TRIAL DEMAND</u>

OF COUNSEL:

Arthur I. Neustadt
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel: (703) 413-3000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Mirowski Family Ventures, L.L.C.*

Dated: April 24, 2008
Public Version Dated: May 1, 2008
862595 / 32582

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ..................................................................................1

SUMMARY OF ARGUMENT .................................................................................................1

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT ........................................................................................................................2

      Since MFV does not seek damages, there is no right to a jury trial ...................................2

CONCLUSION......................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Kao Corp. v. Unilever United States, Inc.,*
  C.A. No. 01-680-SLR, 2003 U.S. Dist. LEXIS 6677 (D. Del. 2003)....................................2, 3

*In re Technology Licensing Corp.,*
  423 F.3d 1286 (Fed. Cir. 2005)..........................................................................................3

*Tegal Corp. v. Tokyo Electron America, Inc.,*
  257 F.3d 1331 (Fed. Cir. 2001)..........................................................................................3

## NATURE AND STAGE OF PROCEEDING

This action brought by plaintiff Medtronic, Inc. ("Medtronic") against defendant Mirowski Family Ventures, L.L.C. ("MFV") and other defendants is in its early stages. A scheduling conference was held with the Court on April 17, 2008. This motion is brought pursuant to Court order. D.I. 30.

## SUMMARY OF ARGUMENT

There is no right to a jury trial unless the patentee seeks damages. Here, however, MFV does not seek damages. Medtronic is a licensee of MFV. ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ This action by Medtronic is pursuant to this license and, accordingly, Medtronic seeks no damages. In its response, MFV similarly does not seek damages. Rather, MFV has denied Medtronic's non-infringement and invalidity assertions.

## STATEMENT OF FACTS

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

Medtronic's complaint in this action (D.I. 1) is pursuant to this license agreement. Paragraph 19 makes reference to this agreement, paragraph 23 refers to this action as "a Final DJ action in the District of Delaware, challenging infringement, unenforceability and/or validity of the '119 Reissue Patent and any asserted claims of any subsequent reissue patent," paragraph 24 asserts that "Medtronic's Accused Devices do not infringe" and paragraph 25 asserts that "[e]ach Asserted Claim of the '119 Reissue Patent and the '897 Reissue Patent is invalid." Medtronic's request for relief (at 8) seeks no damages. Instead, Medtronic seeks only "[a] declaration that Medtronic has not infringed" and "[a] declaration that the Asserted Claims of the '119 Reissue Patent and '897 Reissue Patent are invalid." In its response, MFV does not seek damages. Rather, MFV has denied Medtronic's non-infringement and invalidity assertions.

## ARGUMENT

### Since MFV does not seek damages, there is no right to a jury trial.

There is no right to a jury trial unless the patentee seeks damages. This Court has so ruled based upon applicable Federal Circuit law. *Kao Corp. v. Unilever United States, Inc.*, C.A. No. 01-680-SLR, 2003 U.S. Dist. LEXIS 6677 (D. Del. 2003). In *Kao*, after the patentee withdrew its claim for damages, the Court held that defendants were not entitled to a jury trial.

> What this court gleans from the above reasoning is that the patentee's infringement case is the linchpin of the Federal Circuit's Seventh Amendment analyses. Because it was the patentee who chose the remedy and, thus, the forum in eighteenth-century England, and because a declaratory judgment action in a patent case is characterized by the infringement action, it remains the patentee who is entitled to a jury trial and who may waive that right. *In sum, an alleged infringer has no entitlement to a trial by jury by virtue of pleading counterclaims asserting*

2

> *noninfringement and invalidity, claims which are equitable in nature with*
> *no attendant right to damages.*

*Id.* at *9, emphasis added.

Similarly, in *In re Technology Licensing Corp.*, 423 F.3d 1286 (Fed. Cir. 2005), the

patentee "withdrew its claim of damages for past infringement and notified the district court that

it would seek only injunctive relief against future infringement." *Id.* at 1286. After doing so, the

patentee maintained that it was still entitled to a trial by jury. The district court disagreed. As

stated by the Federal Circuit,

> Because TLC [patentee] was seeking only equitable relief, the [district]
> court concluded that the action would have been brought in equity, and
> that no jury trial would have been available. *For that reason, the court*
> *ruled, TLC was not entitled to a jury trial in this case.*

*Id.* at 1288, emphasis added. The Federal Circuit affirmed.

> Thus, *if the patentee seeks only equitable relief,* the accused infringer
> has no right to a jury trial, regardless of whether the accused infringer
> asserts invalidity as a defense (as in the Tegal case) or as a separate
> claim (as in this case).

*Id.* at 1290-91, emphasis added.

To like effect is the Federal Circuit's decision in *Tegal Corp. v. Tokyo Electron America,*

*Inc.*, 257 F.3d 1331 (Fed. Cir. 2001) in which the patentee withdrew its claim for damages, the

defendant insisted upon a jury trial, the district court disagreed and the Federal Circuit affirmed.

> Little analysis is required; T*egal sought only an injunction, a purely*
> *equitable remedy.* Considering the two prongs, both of which point to
> equity, there is no doubt that *neither party had a right to a jury in this case.*

*Id.* at 1341, emphasis added.

3

Thus, the applicable law from the Federal Circuit and this Court is that there is no right to

a jury trial unless the patentee seeks damages. In this case, MFV does not seek damages and,

rather, has denied Medtronic's non-infringement and invalidity assertions.[1]

### CONCLUSION

For the foregoing reasons, Medtronic's jury demand should be stricken.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Arthur I. Neustadt
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandria, VA 22314
Tel: (703) 413-3000


Dated: April 24, 2008
Public Version Dated: May 1, 2008
862595 / 32582

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Mirowski Family Ventures, L.L.C.*

---

[1] Medtronic's jury demand is not believed to pertain to MFV's unrelated counterclaim in its
answer which is directed to Medtronic's failure to adhere to the terms of a settlement agreement
between Medtronic and MFV relating to a different patent. Although immaterial, MFV in its
counterclaim requests only a declaration and, for that reason, this counterclaim is also not jury
triable. Further, since this counterclaim is only directed to whether a particular event occurred
(scenario A), as determined by a 2004 Federal Circuit decision, the resolution of this
counterclaim does not involve any disputed facts and should not require a trial.

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 1, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 1, 2008, the attached document was Electronically Mailed to the following person(s):

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
The Nemours Building
P.O. Box 2207
Wilmington, DE 19899-2207
aconnollyiii@cblh.com

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE 19899-0551
cottrell@rlf.com
gaza@rlf.com

Martin R. Lueck
Jan M. Conlin
Richard M. Martinez
Sharon E. Roberg-Perez
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
mrlueck@rkmc.com
jmconlin@rkmc.com
rmmartinez@rkmc.com
seroberg-perez@rkmc.com

J. Michael Jakes
Naveen Modi
Kathleen A. Daley
Finnegan Henderson Farabow Garrett &
Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413
mike.jakes@finnegan.com
naveen.modi@finnegan.com
kathleen.daley@finnegan.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

841909 / 32582

# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY