# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____

MEDTRONIC, INC.

                              Case No. 07-823-SLR

                Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,
GUIDANT CORPORATION, and
MIROWSKI FAMILY VENTURES, L.L.C.,

                Defendants.

_____

### EXHIBITS D, E AND F TO MEDTRONIC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS MIROWSKI FAMILY VENTURES' COUNTERCLAIM OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER COUNTERCLAIM TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

                    Arthur G. Connolly III (No. 2667)
                    Meredith L. Gaudio (No. 5088)
                    CONNOLLY BOVE LODGE & HUTZ LLP
                    1007 N. Orange Street
                    P.O. Box 2207
                    Wilmington, DE 19899
                    Tel: (302) 658-9141
                    Fax: (302) 658-5614
                    Email: AConnollyIII@cblh.com,
                    Mgaudio@cblh.com

                    Martin R. Lueck, Esq.
                    Jan M. Conlin, Esq.
                    Richard M. Martinez, Esq.
                    Sharon E. Roberg-Perez, Esq.
                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                    2800 LaSalle Plaza
                    800 LaSalle Avenue
                    Minneapolis, Minnesota 55402-2015
                    (612) 349-8500
                    Attorneys for Plaintiff Medtronic, Inc.

Dated: May 13, 2008

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
2002 FEB 27 PM 4:58
SOUTHERN DISTRICT
CLERK

MEDTRONIC, INC., a Minnesota
corporation,

IP 02-0328 C - T/K

Civ. No. _____

Plaintiff,

v.

GUIDANT CORPORATION, an Indiana
corporation,
GUIDANT SALES CORPORATION, INC.,
an Indiana corporation,
ELI LILLY and COMPANY, an Indiana
corporation,
CARDIAC PACEMAKERS, INC.,
a Minnesota corporation, and
ESTATES OF DR. MIECZYSLAW.
MIROWSKI and ANNA MIROWSKI,

Defendants.

COMPLAINT FOR
DECLARATORY JUDGMENT

Plaintiff Medtronic, Inc., as and for its Complaint herein, states as follows:

## THE PARTIES

1.      Plaintiff Medtronic, Inc. ("Medtronic") is a Minnesota corporation with a

principal place of business at 710 Medtronic Parkway NE, Minneapolis, Minnesota 55432-5604.

Medtronic is the leading manufacturer and seller of medical devices in the United States and

worldwide.

2.      Defendant Eli Lilly and Company ("Lilly") is an Indiana corporation having

its principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.  On

274543

information and belief, Lilly is the exclusive licensee to certain patents relating to cardiac stimulation devices with an obligation to the patent assignee under the exclusive license to enforce these patents.

3.    Defendant Guidant Corporation ("Guidant") is an Indiana corporation having its principal place of business at 111 Monument Circle, 29th Floor, Indianapolis, Indiana 46203. On information and belief, Guidant is a medical device manufacturer and a competitor of Medtronic that was formed in 1994 when Eli Lilly and Co. ("Lilly") divested certain assets.

4.    Defendant Guidant Sales Corporation, Inc. is an Indiana corporation having its principal place of business in Indianapolis, Indiana. Upon information and belief, Guidant Sales Corporation is a wholly-owned subsidiary of Guidant Corporation.

5.    Defendant Cardiac Pacemakers, Inc. ("CPI") is a Minnesota corporation having its principal place of business at 4100 Hamline Avenue North, St. Paul, Minnesota 55112. On information and belief, CPI is a wholly-owned subsidiary of Guidant and a sub-licensee of certain patents relating to cardiac stimulation devices. CPI is a manufacturer of cardiac rhythm management devices and is a competitor of Medtronic.

6.    Defendants Estates of Dr. Mieczyslaw Mirowski and Anna Mirowski, upon information and belief have the right to receive royalties, share in infringement damages, join in infringement actions, and initiate infringement actions related to patents licensed or sub-licensed to the defendants named above. Ginat Wintermeyer Mirowski, 1739 Brewster Road, Indianapolis, Indiana 46260 and Ariella Rosengaard, 905 Merion Square Road, Gladwyn, Pennsylvania 19035 are personal representatives of Anna Mirowski's estate, and Sidney J. Silver, 6605 Ken Hill Road, Bethesda, Maryland 20817 is the registered agent for Anna Mirowski's estate.

274543                                    2

## JURISDICTION AND VENUE

7.     This action arises under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 *et seq*., and under the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338 (a). This Court has supplemental jurisdiction under the provisions of 28 U.S.C. §1367. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and § 1400(b).

## FACTUAL BACKGROUND

8.     Medtronic, Inc. is engaged in the business of manufacturing, promoting, offering for sale and selling certain medical devices, including various implantable cardioverter defibrillator (ICD) devices, including but not limited to the Gem VR products, Gem DR products, and Gem AT products.

9.     On May 13, 1991, Medtronic entered into a Settlement and License Agreement ("the Agreement") with Lilly and CPI to settle several lawsuits between the three companies regarding various patents related to implantable pacemakers and defibrillators. As part of this Agreement, Medtronic obtained a license under a number of patents, including two patents assigned to Mieczyslaw Mirowski ("Mirowksi"), U.S. Patent Nos. 4,572,191 (hereinafter referred to, collectively with Reexamination Certificate B1 4,572,191 as "the '191 patent") and 4,407,288 (hereinafter referred to, collectively with Reexamination Certificate B1 4,407,288 as "the '288 patent") ("the Mirowski patents"). Copies of the patents and the Reexamination Certificates are attached hereto as Exhibits A and B. Medtronic incorporates the Agreement herein, which is subject to a confidentiality provision. Medtronic will seek leave to supplement the Complaint with a copy

of the Agreement by consent of the parties to the Agreement or subject to a protective order once a protective order is entered.

10.     Under Article III of the Agreement and for purposes of the Agreement only, Medtronic agreed that certain patents assigned to Mirowski, namely U.S. Patent Nos. 3,942,536; 4,223,678; 4,316,472; 4,407,288; and 4,572,191, were valid and enforceable and that one or more of the claims of these patents would be infringed by the manufacture, use or sale of certain Medtronic products existing on May 13, 1991, specifically the PCD Model 7216 and PCD Model 7217. Article III of the Agreement provides that the obligation to pay royalties shall cease as to any patent if and when the patent is finally declared invalid in a third party proceeding.

11.     Article III of the Agreement also provides that Medtronic may stop paying royalties on any new (postdating May 13, 1991) Medtronic device. Under Article III of the Agreement as amended, if Lilly or the Mirowski family believes that the new Medtronic device infringes one or more claims of the patents licensed under the Agreement, Lilly must notify Medtronic of the alleged infringement and must give Medtronic the opportunity to cure the nonpayment of royalties, and the opportunity to challenge Lilly's assertion of infringement through a declaratory judgment action. Under Article III of the Agreement as amended, Lilly may terminate the license only upon such notice and upon failure to pay royalties within the cure period.

12.     On information and belief, CPI, as sub-licensee, is a successor in interest to Lilly under the Agreement, in whole or in part, with the right to bring and conduct suit against others for alleged infringement of the Mirowski patents.

13.     In 1996, CPI, Guidant and Lilly sued St. Jude Medical ("St. Jude litigation") and others in the United States District Court for the Southern District of Indiana for infringement

of three of the Mirowski patents, including U.S. Patent Nos. 4,572,191 (hereinafter referred to, collectively with Reexamination Certificate B1 4,572,191 as "the '191 patent") and 4,407,288 (hereinafter referred to, collectively with Reexamination Certificate B1 4,407,288 as "the '288 patent"). That case is assigned number IP 96-1718-C H/K.

14.    On November 29, 2000, this Court by the Honorable David F. Hamilton, construed contested terms of the Mirowski patents following a *Markman* hearing in the St. Jude litigation.

15.    On December 19, 2000 and after a supplemental *Markman* hearing, this Court found that "the specification does not disclose structure associated with the 'third monitoring means' element that can perform the recited dual functions, [and] the court finds that it cannot construe that element of Claim 1 [of the '191 patent]."

16.    On January 31, 2001, this Court entered a partial final judgment with respect to the '191 patent, based upon the stipulation of the parties that claims 1-14 of the '191 patent are invalid. On February 5, 2002, an appeal of this judgment was argued before the United States Court of Appeals for the Federal Circuit.

17.    The defendants or those in privity with them had a full and fair opportunity to litigate the issue of the validity of the '191 patent, and are bound by this Court's partial final judgment of January 31, 2001.

18.    The jury entered a verdict in the St. Jude litigation on July 3, 2001. On February 13, 2002, this Court, by the Honorable David F. Hamilton, granted Judgment as a Matter of Law that the '288 patent is invalid for failure to comply with the best mode disclosure

requirements of 35 U.S.C. § 112 and that claims 4 and 13 of the '288 patent are invalid under 35 U.S.C. § 103(a).

19.    The defendants or those in privity with them had a full and fair opportunity to litigate the issue of the validity of the '288 patent, and are bound by this Court's ruling of February 13, 2002.

20.    On September 6, 2001, Thomas G. Berry, Vice President and Chief Patent Counsel for Medtronic wrote to Ralph Hall, Vice President and General Counsel for Cardiac Rhythm Management, Guidant Corporation, and informed Mr. Hall that Medtronic's current implantable cardioverter defibrillator products are "new Medtronic devices" under the Agreement that do not infringe any of the patents assigned to Mirowski and licensed under the Agreement and that Medtronic would therefore not pay royalties for these products under the Agreement.

21.    Medtronic has suspended payment of royalties under the Agreement. Medtronic's suspended payment of royalties would have been due on February 24, 2002.

22.    On October 23, 2001, Mr. Hall sent a letter on Guidant letterhead to Medtronic informing Medtronic of Guidant's assertion that, under Article III of the Agreement between Lilly and its affiliates, CPI and its affiliates, and Medtronic and its affiliates, Medtronic's ICD products were covered by two of the licensed patents: U.S. Patent Nos. 4,572,191 ("the '191 patent") and 4,407,288 ("the '288 patent"). The October 23, 2001, letter is a charge of infringement of the '191 and '288 patents.

23.    An actual case or controversy exists between Medtronic and Defendants concerning alleged infringement of the claims of the '191 patent and the '288 patent. Defendants, assignees to or exclusive licensees under the Mirowski patents, have informed Medtronic of

274543                              6

Defendants' allegations that Medtronic's products infringe one or more claims of the '191 patent and the '288 patent.

    24.    The claims of the '191 patent have been held invalid.

    25.    Defendants are collaterally estopped by this Court's ruling of invalidity from asserting that Medtronic's products infringe the '191 patent.

    26.    The claims of the '288 patent have been held invalid.

    27.    Defendants are collaterally estopped by this Court's ruling of invalidity from asserting that Medtronic's products infringe the '288 patent.

    28.    Medtronic's Gem VR ICD products do not infringe claim 1 of the '191 patent.

    29.    Medtronic's Gem DR ICD products do not infringe claim 1 of the '191 patent.

    30.    Medtronic's Gem AT ICD products do not infringe claim 1 of the '191 patent.

    31.    Medtronic's Gem VR ICD products do not infringe claim 2 of the '191 patent.

    32.    Medtronic's Gem DR ICD products do not infringe claim 2 of the '191 patent.

    33.    Medtronic's Gem AT ICD products do not infringe claim 2 of the '191 patent.

    34.    Medtronic's Gem VR ICD products do not infringe claim 3 of the '191 patent.

    35.    Medtronic's Gem DR ICD products do not infringe claim 3 of the '191 patent.

    36.    Medtronic's Gem AT ICD products do not infringe claim 3 of the '191 patent.

    37.    Medtronic's Gem VR ICD products do not infringe claim 4 of the '191 patent.

    38.    Medtronic's Gem DR ICD products do not infringe claim 4 of the '191 patent.

    39.    Medtronic's Gem AT ICD products do not infringe claim 4 of the '191 patent.

    40.    Medtronic's Gem VR ICD products do not infringe claim 5 of the '191 patent.

    41.    Medtronic's Gem DR ICD products do not infringe claim 5 of the '191 patent.

42.    Medtronic's Gem AT ICD products do not infringe claim 5 of the '191 patent.

43.    Medtronic's Gem VR ICD products do not infringe claim 6 of the '191 patent.

44.    Medtronic's Gem DR ICD products do not infringe claim 6 of the '191 patent.

45.    Medtronic's Gem AT ICD products do not infringe claim 6 of the '191 patent.

46.    Medtronic's Gem VR ICD products do not infringe claim 7 of the '191 patent.

47.    Medtronic's Gem DR ICD products do not infringe claim 7 of the '191 patent.

48.    Medtronic's Gem AT ICD products do not infringe claim 7 of the '191 patent.

49.    Medtronic's Gem VR ICD products do not infringe claim 8 of the '191 patent.

50.    Medtronic's Gem DR ICD products do not infringe claim 8 of the '191 patent.

51.    Medtronic's Gem AT ICD products do not infringe claim 8 of the '191 patent.

52.    Medtronic's Gem VR ICD products do not infringe claim 9 of the '191 patent.

53.    Medtronic's Gem DR ICD products do not infringe claim 9 of the '191 patent.

54.    Medtronic's Gem AT ICD products do not infringe claim 9 of the '191 patent.

55.    Medtronic's Gem VR ICD products do not infringe claim 10 of the '191 patent.

56.    Medtronic's Gem DR ICD products do not infringe claim 10 of the '191 patent.

57.    Medtronic's Gem AT ICD products do not infringe claim 10 of the '191 patent.

58.    Medtronic's Gem VR ICD products do not infringe claim 11 of the '191 patent.

274543                               8

59.    Medtronic's Gem DR ICD products do not infringe claim 11 of the '191 patent.

60.    Medtronic's Gem AT ICD products do not infringe claim 11 of the '191 patent.

61.    Medtronic's Gem VR ICD products do not infringe claim 12 of the '191 patent.

62.    Medtronic's Gem DR ICD products do not infringe claim 12 of the '191 patent.

63.    Medtronic's Gem AT ICD products do not infringe claim 12 of the '191 patent.

64.    Medtronic's Gem VR ICD products do not infringe claim 13 of the '191 patent.

65.    Medtronic's Gem DR ICD products do not infringe claim 13 of the '191 patent.

66.    Medtronic's Gem AT ICD products do not infringe claim 13 of the '191 patent.

67.    Medtronic's Gem VR ICD products do not infringe claim 14 of the '191 patent.

68.    Medtronic's Gem DR ICD products do not infringe claim 14 of the '191 patent.

69.    Medtronic's Gem AT ICD products do not infringe claim 14 of the '191 patent.

274543

70.    Medtronic's Gem VR ICD products do not infringe claim 15 of the '191 patent.

71.    Medtronic's Gem DR ICD products do not infringe claim 15 of the '191 patent.

72.    Medtronic's Gem AT ICD products do not infringe claim 15 of the '191 patent.

73.    Medtronic's Gem VR ICD products do not infringe claim 1 of the '288 patent.

74.    Medtronic's Gem DR ICD products do not infringe claim 1 of the '288 patent.

75.    Medtronic's Gem AT ICD products do not infringe claim 1 of the '288 patent.

76.    Medtronic's Gem VR ICD products do not infringe claim 2 of the '288 patent.

77.    Medtronic's Gem DR ICD products do not infringe claim 2 of the '288 patent.

78.    Medtronic's Gem AT ICD products do not infringe claim 2 of the '288 patent.

79.    Medtronic's Gem VR ICD products do not infringe claim 3 of the '288 patent.

80.    Medtronic's Gem DR ICD products do not infringe claim 3 of the '288 patent.

81.    Medtronic's Gem AT ICD products do not infringe claim 3 of the '288 patent.

82.    Medtronic's Gem VR ICD products do not infringe claim 4 of the '288 patent.

83.    Medtronic's Gem DR ICD products do not infringe claim 4 of the '288 patent.

84.    Medtronic's Gem AT ICD products do not infringe claim 4 of the '288 patent.

85.    Medtronic's Gem VR ICD products do not infringe claim 5 of the '288 patent.

86.    Medtronic's Gem DR ICD products do not infringe claim 5 of the '288 patent.

87.    Medtronic's Gem AT ICD products do not infringe claim 5 of the '288 patent.

88.    Medtronic's Gem VR ICD products do not infringe claim 6 of the '288 patent.

274543                                    10

89.    Medtronic's Gem DR ICD products do not infringe claim 6 of the '288 patent.

90.    Medtronic's Gem AT ICD products do not infringe claim 6 of the '288 patent.

91.    Medtronic's Gem VR ICD products do not infringe claim 7 of the '288 patent.

92.    Medtronic's Gem DR ICD products do not infringe claim 7 of the '288 patent.

93.    Medtronic's Gem AT ICD products do not infringe claim 7 of the '288 patent.

94.    Medtronic's Gem VR ICD products do not infringe claim 8 of the '288 patent.

95.    Medtronic's Gem DR ICD products do not infringe claim 8 of the '288 patent.

96.    Medtronic's Gem AT ICD products do not infringe claim 8 of the '288 patent.

97.    Medtronic's Gem VR ICD products do not infringe claim 9 of the '288 patent.

98.    Medtronic's Gem DR ICD products do not infringe claim 9 of the '288 patent.

99.    Medtronic's Gem AT ICD products do not infringe claim 9 of the '288 patent.

100.    Medtronic's Gem VR ICD products do not infringe claim 10 of the '288 patent.

101.    Medtronic's Gem DR ICD products do not infringe claim 10 of the '288 patent.

102.    Medtronic's Gem AT ICD products do not infringe claim 10 of the '288 patent.

103.    Medtronic's Gem VR ICD products do not infringe claim 11 of the '288 patent.

104.    Medtronic's Gem DR ICD products do not infringe claim 11 of the '288 patent.

274543

11

105.    Medtronic's Gem AT ICD products do not infringe claim 11 of the '288 patent.

106.    Medtronic's Gem VR ICD products do not infringe claim 12 of the '288 patent.

107.    Medtronic's Gem DR ICD products do not infringe claim 12 of the '288 patent.

108.    Medtronic's Gem AT ICD products do not infringe claim 12 of the '288 patent.

109.    Medtronic's Gem VR ICD products do not infringe claim 13 of the '288 patent.

110.    Medtronic's Gem DR ICD products do not infringe claim 13 of the '288 patent.

111.    Medtronic's Gem AT ICD products do not infringe claim 13 of the '288 patent.

112.    Medtronic's Gem VR ICD products do not infringe claim 14 of the '288 patent.

113.    Medtronic's Gem DR ICD products do not infringe claim 14 of the '288 patent.

114.    Medtronic's Gem AT ICD products do not infringe claim 14 of the '288 patent.

115.    Medtronic's Gem VR ICD products do not infringe claim 15 of the '288 patent.

274543                                    12

116.    Medtronic's Gem DR ICD products do not infringe claim 15 of the '288 patent.

117.    Medtronic's Gem AT ICD products do not infringe claim 15 of the '288 patent.

118.    Medtronic's Gem VR ICD products do not infringe claim 16 of the '288 patent.

119.    Medtronic's Gem DR ICD products do not infringe claim 16 of the '288 patent.

120.    Medtronic's Gem AT ICD products do not infringe claim 16 of the '288 patent.

121.    Medtronic's Gem VR ICD products do not infringe claim 17 of the '288patent.

122.    Medtronic's Gem DR ICD products do not infringe claim 17 of the '288 patent.

123.    Medtronic's Gem AT ICD products do not infringe claim 17 of the '288 patent.

124.    Medtronic's Gem VR ICD products do not infringe claim 18 of the '288 patent.

125.    Medtronic's Gem DR ICD products do not infringe claim 18 of the '288 patent.

126.    Medtronic's Gem AT ICD products do not infringe claim 18 of the '288 patent.

274543                                          13

127.    Medtronic's Gem VR ICD products do not infringe claim 19 of the '288 patent.

128.    Medtronic's Gem DR ICD products do not infringe claim 19 of the '288 patent.

129.    Medtronic's Gem AT ICD products do not infringe claim 19 of the '288 patent.

130.    Medtronic's Gem VR ICD products do not infringe claim 20 of the '288 patent.

131.    Medtronic's Gem DR ICD products do not infringe claim 20 of the '288 patent.

132.    Medtronic's Gem AT ICD products do not infringe claim 20 of the '288 patent.

133.    Medtronic's Gem VR ICD products do not infringe claim 21 of the '288 patent.

134.    Medtronic's Gem DR ICD products do not infringe claim 21 of the '288 patent.

135.    Medtronic's Gem AT ICD products do not infringe claim 21 of the '288 patent.

136.    Medtronic's Gem VR ICD products do not infringe claim 22 of the '288 patent.

137.    Medtronic's Gem DR ICD products do not infringe claim 22 of the '288 patent.

138.   Medtronic's Gem AT ICD products do not infringe claim 22 of the '288 patent.

139.   Medtronic's Gem VR ICD products do not infringe claim 23 of the '288 patent.

140.   Medtronic's Gem DR ICD products do not infringe claim 23 of the '288 patent.

141.   Medtronic's Gem AT ICD products do not infringe claim 23 of the '288 patent.

142.   Medtronic's Gem VR ICD products do not infringe claim 24 of the '288 patent.

143.   Medtronic's Gem DR ICD products do not infringe claim 24 of the '288 patent.

144.   Medtronic's Gem AT ICD products do not infringe claim 24 of the '288 patent.

145.   Medtronic's Gem VR ICD products do not infringe claim 25 of the '288 patent.

146.   Medtronic's Gem DR ICD products do not infringe claim 25 of the '288 patent.

147.   Medtronic's Gem AT ICD products do not infringe claim 25 of the '288 patent.

148.   Medtronic's Gem VR ICD products do not infringe claim 26 of the '288 patent.

149.    Medtronic's Gem DR ICD products do not infringe claim 26 of the '288 patent.

150.    Medtronic's Gem AT ICD products do not infringe claim 26 of the '288 patent.

151.    Medtronic's Gem VR ICD products do not infringe claim 27 of the '288 patent.

152.    Medtronic's Gem DR ICD products do not infringe claim 27 of the '288 patent.

153.    Medtronic's Gem AT ICD products do not infringe claim 27 of the '288 patent.

154.    Medtronic's Gem VR ICD products do not infringe claim 28 of the '288 patent.

155.    Medtronic's Gem DR ICD products do not infringe claim 28 of the '288 patent.

156.    Medtronic's Gem AT ICD products do not infringe claim 28 of the '288 patent.

157.    Medtronic's Gem VR ICD products do not infringe claim 29 of the '288 patent.

158.    Medtronic's Gem DR ICD products do not infringe claim 29 of the '288 patent.

159.    Medtronic's Gem AT ICD products do not infringe claim 29 of the '288 patent.

160.    Medtronic's Gem VR ICD products do not infringe claim 30 of the '288 patent.

161.    Medtronic's Gem DR ICD products do not infringe claim 30 of the '288 patent.

162.    Medtronic's Gem AT ICD products do not infringe claim 30 of the '288 patent.

163.    Medtronic's Gem VR ICD products do not infringe claim 31 of the '288 patent.

164.    Medtronic's Gem DR ICD products do not infringe claim 31 of the '288 patent.

165.    Medtronic's Gem AT ICD products do not infringe claim 31 of the '288 patent.

166.    Medtronic's Gem VR ICD products do not infringe claim 32 of the '288patent.

167.    Medtronic's Gem DR ICD products do not infringe claim 32 of the '288 patent.

168.    Medtronic's Gem AT ICD products do not infringe claim 32 of the '288 patent.

169.    Medtronic's Gem VR ICD products do not infringe claim 33 of the '288patent.

170.    Medtronic's Gem DR ICD products do not infringe claim 33 of the '288 patent.

171.    Medtronic's Gem AT ICD products do not infringe claim 33 of the '288 patent.

172.    Medtronic's Gem VR ICD products do not infringe claim 34 of the '288patent.

173.    Medtronic's Gem DR ICD products do not infringe claim 34 of the '288 patent.

174.    Medtronic's Gem AT ICD products do not infringe claim 34 of the '288 patent.

175.    Medtronic's Gem VR ICD products do not infringe claim 35 of the'288 patent.

176.    Medtronic's Gem DR ICD products do not infringe claim 35 of the '288 patent.

177.    Medtronic's Gem AT ICD products do not infringe claim 35 of the '288 patent.

178.    Medtronic's Gem VR ICD products do not infringe claim 36 of the '288 patent.

179.    Medtronic's Gem DR ICD products do not infringe claim 36 of the '288 patent.

180.    Medtronic's Gem AT ICD products do not infringe claim 36 of the '288 patent.

181.    Medtronic's Gem VR ICD products do not infringe claim 37 of the '288 patent.

274543

18

182.   Medtronic's Gem DR ICD products do not infringe claim 37 of the '288 patent.

183.   Medtronic's Gem AT ICD products do not infringe claim 37 of the '288 patent.

184.   Medtronic's Gem VR ICD products do not infringe claim 38 of the '288 patent.

185.   Medtronic's Gem DR ICD products do not infringe claim 38 of the '288 patent.

186.   Medtronic's Gem AT ICD products do not infringe claim 38 of the '288 patent.

187.   Medtronic's Gem VR ICD products do not infringe claim 39 of the '288 patent.

188.   Medtronic's Gem DR ICD products do not infringe claim 39 of the '288 patent.

189.   Medtronic's Gem AT ICD products do not infringe claim 39 of the '288 patent.

190.   Medtronic's Gem VR ICD products do not infringe claim 40 of the '288 patent.

191.   Medtronic's Gem DR ICD products do not infringe claim 40 of the '288 patent.

192.   Medtronic's Gem AT ICD products do not infringe claim 40 of the '288 patent.

193.   Medtronic's Gem VR ICD products do not infringe claim 41 of the '288 patent.

194.   Medtronic's Gem DR ICD products do not infringe claim 41 of the '288 patent.

195.   Medtronic's Gem AT ICD products do not infringe claim 41 of the '288 patent.

196.   Medtronic's Gem VR ICD products do not infringe claim 42 of the '288 patent.

197.   Medtronic's Gem DR ICD products do not infringe claim 42 of the '288 patent.

198.   Medtronic's Gem AT ICD products do not infringe claim 42 of the '288 patent.

199.   Medtronic's Gem VR ICD products do not infringe claim 43 of the '288 patent.

200.   Medtronic's Gem DR ICD products do not infringe claim 43 of the '288 patent.

201.   Medtronic's Gem AT ICD products do not infringe claim 43 of the '288 patent.

202.   Medtronic's Gem VR ICD products do not infringe claim 44 of the '288 patent.

203.   Medtronic's Gem DR ICD products do not infringe claim 44 of the '288 patent.

274543                          20

204.    Medtronic's Gem AT ICD products do not infringe claim 44 of the '288 patent.

205.    Medtronic's Gem VR ICD products do not infringe claim 45 of the '288 patent.

206.    Medtronic's Gem DR ICD products do not infringe claim 45 of the '288 patent.

207.    Medtronic's Gem AT ICD products do not infringe claim 45 of the '288 patent.

208.    Medtronic's Gem VR ICD products do not infringe claim 46 of the '288 patent.

209.    Medtronic's Gem DR ICD products do not infringe claim 46 of the '288 patent.

210.    Medtronic's Gem AT ICD products do not infringe claim 46 of the '288 patent.

211.    Medtronic's Gem VR ICD products do not infringe claim 47 of the '288patent.

212.    Medtronic's Gem DR ICD products do not infringe claim 47 of the '288 patent.

213.    Medtronic's Gem AT ICD products do not infringe claim 47 of the '288 patent.

214.    Medtronic's Gem VR ICD products do not infringe claim 48 of the '288 patent.

274543                                    21

215.    Medtronic's Gem DR ICD products do not infringe claim 48 of the '288 patent.

216.    Medtronic's Gem AT ICD products do not infringe claim 48 of the '288 patent.

217.    Medtronic is entitled to a declaration that defendants are collaterally estopped from charging Medtronic with infringement of the '191 and '288 patents in a notice under Article III of the Agreement or otherwise. Medtronic is further entitled to a declaration that the rights and obligations of Article III of the Agreement, as amended, including Medtronic's obligation to pay royalties and the defendants' right to terminate the license, are inoperative to the extent they are conditioned on a notice of infringement of the '191 or '288 patent.

218.    In the alternative, Medtronic is entitled to a declaration that Medtronic's ICD products do not infringe valid and enforceable claims of the '191 patent.

219.    Further in the alternative, Medtronic is entitled to a declaration that Medtronic's ICD products do not infringe valid and enforceable claims of the '288 patent.

220.    Medtronic therefore brings this action for a declaration that defendants are estopped from asserting infringement of the '191 and '288 patents, or in the alternative, that its products do not infringe either of the Mirowski patents at issue and that Guidant is not entitled to collect royalties for invalid claims that are not infringed.

221.    Defendants' actions in charging infringement and seeking to assert the rights and obligations of Article III of the Agreement that depend on a charge of infringement of the '191 and '288 patents will, if not enjoined, cause Medtronic irreparable harm.

## COUNT ONE

### DECLARATORY JUDGMENT THAT DEFENDANTS ARE COLLATERALLY ESTOPPED FROM CHARGING INFRINGEMENT OF THE '191 AND '288 PATENTS AND FROM ASSERTING RIGHTS UNDER THE AGREEMENT THAT DEPEND ON A CHARGE OF INFRINGEMENT

222.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 221.

223.    As more specifically pled in the foregoing paragraphs, defendants are collaterally estopped from asserting infringement of the '191 and '288 patents. By virtue of the collateral estoppel, Medtronic asserts that any notice of infringement by defendants with respect to the '191 and '288 patents is inoperative.

224.    In furtherance of a demand for royalties and as a condition of other rights and obligations of Article III of the Agreement, defendants have charged Medtronic with infringement of the '191 and '288 patents.

225.    There is as a result an actual and justiciable controversy within the jurisdiction of this court.

226.    Medtronic is entitled to a declaration that defendants are collaterally estopped from charging infringement of the '191 and '288 patents, that the defendants' rights under Article III of the Agreement are inoperative to the extent they depend on a charge of infringement of the '191 or '288 patents, and as a result defendants are entitled neither to demand royalties nor to terminate the agreement.

### COUNT TWO
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 4,572,191

274543

227.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 221.

228.    Upon information and belief, Defendant Mirowski owns all right, title, and interest to United States Patent No. 4,572,191 ("the '191 patent").

229.    Upon information and belief, Defendants Lilly, Guidant, and CPI are exclusive licensees with an obligation to enforce the '191 patent.

230.    Defendants have asserted that Medtronic's products have infringed and continue to infringe one or more claims of the '191 patent, creating an actual controversy within this Court's jurisdiction.

231.    Medtronic's ICD products do not infringe, either directly or indirectly, contributorily, by inducement or otherwise any valid and enforceable claim of the '191 patent.

232.    Medtronic is entitled to a declaration that Medtronic's ICD products do not infringe any valid and enforceable claim of the '191 patent.

## COUNT THREE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF INVALID CLAIMS OF UNITED STATES PATENT NO. 4,572,191

233.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 226.

234.    On January 31, 2001, in the St. Jude litigation,  this Court entered a partial final judgment with respect to the '191 patent, based upon the stipulation of the parties that claims 1-14 of the '191 patent are invalid.

235.     Based on this Court's judgment of invalidity with respect to claims 1-14 of the '191 patent, defendants are collaterally estopped from asserting the validity or any infringement of these claims in any subsequent action against Medtronic.

236.     Claim 15 of the '191 patent is a dependent claim depending from claim 1, as are claims 2 through 14.  Pursuant to 35 USC Sec. 112, Para. 4, "A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." Claim 1 was held invalid because there is no disclosure in the specification of any structure that corresponds to the 3rd monitoring means.   Therefore, claim 15, like claims 2-14, is also invalid under the Court's January 31, 2001 Order because there is no disclosure in the specification of any structure that corresponds to the 3rd monitoring means of claims 1 and 15.

237.     Medtronic's products cannot infringe invalid claims of the '191 patent.

238.     Accordingly, Medtronic is entitled to a declaration that the Medtronic ICD products do not infringe any claim of the '191 patent on the grounds that these claims are invalid pursuant to this Court's judgement of January 31, 2001 in the St. Jude litigation.

### COUNT FOUR
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF UNITED STATES PATENT NO. 4,407,288

239.     Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 221.

240.     Upon information and belief, Defendant Mirowski owns all right, title, and interest to United States Patent No. 4,407,288 ("the '288 patent").

241.     Upon information and belief, Defendants Lilly, Guidant, and CPI are exclusive licensees with an obligation to enforce the '288 patent.

242.    Defendants have asserted that Medtronic's products have infringed and continue to infringe one or more claims of the '288 patent, creating an actual controversy within this Court's jurisdiction.

243.    Medtronic's ICD products do not infringe, either directly or indirectly, contributorily, by inducement or otherwise, any valid and enforceable claim of the '288 patent.

244.    Medtronic is entitled to a declaration that Medtronic's ICD products do not infringe any valid and enforceable claim of the '288 patent.

## COUNT FIVE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF INVALID CLAIMS OF UNITED STATES PATENT NO. 4,407,288

245.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 226.

246.    Defendants have asserted that Medtronic's ICD products have infringed and continue to infringe one or more claims of the '288 patent, creating an actual controversy within this Court's jurisdiction.

247.    On February 13, 2002 and in the St. Jude litigation, this Court held that the claims of the '288 patent are invalid for failure to comply with the best mode disclosure requirements of 35 U.S.C. § 112.

248.    Based on this Court's judgment of invalidity with respect to the claims of the '288 patent, defendants are collaterally estopped from asserting the validity or any infringement of any claim of the '288 patent in any subsequent action against Medtronic.

249.    Medtronic's products cannot infringe invalid claims of the '288 patent.

274543                                26

250.    Accordingly, Medtronic is entitled to a declaration that Medtronic's ICD products do not infringe the claims of the '288 patent which have been held invalid.

## COUNT SIX
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF ROYALTY PROVISION OF AGREEMENT

251.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 226, paragraphs 233 through 238, and paragraphs 245-250.

252.    On October 23, 2001, Guidant informed Medtronic of Guidant's allegation that Medtronic infringes one or more of the claims of the '191 patent and the '288 patent and, therefore, Medtronic would be obligated, under Article III of the Agreement, to make payment of royalties for the sale of these products.

253.    The Court in the St. Jude litigation held that the '288 patent is invalid for failure to disclose the best mode, and entered judgment that claims 1-14 of the '191 patent are invalid, as described in paragraphs 13-19 above, and Guidant is collaterally estopped from asserting any infringement of these claims by Medtronic.

254.    Article III of the Agreement provides that Medtronic may file a declaratory judgment action to challenge Guidant's assertion of infringement of the '288 and '191 patents and, if it prevails, is entitled to a refund of all royalties paid from the date Medtronic files suit, including interest at a rate of 9.5% per annum.

255.    Medtronic has stopped paying royalties to defendants for the Medtronic ICD products described herein.

256.    Any such payment of royalties for the '191 and '288 patents under the Agreement, where defendants are collaterally estopped from enforcing such patents in an action

274543                                    27

for infringement against Medtronic, would unjustly and unfairly enrich defendants and unjustly increase Medtronic's costs.

257.    Accordingly, Medtronic seeks a declaration that there are no royalties due or owing under the Agreement for Medtronic's past or future manufacture, sale or use of the Medtronic ICD products.

### COUNT SEVEN
### DECLARATORY JUDGMENT OF EXPIRATION
### OF UNITED STATES PATENT NO. 4,407,288

258.    Medtronic hereby restates and realleges the allegations set forth in paragraphs 1 through 221.

259.    On August 16, 1994, an application for extension of term of U.S. Patent No. 4,407,288 was filed in the United States Patent & Trademark Office purportedly based on a premarket approval (PMA) application approved by the Food and Drug Administration (FDA) of a medical device known as the CPI® Ventak® PRx® ACD™ System.

260.    In the application for extension of term, patent counsel for CPI represented that the '288 patent claims the CPI® Ventak® PRx® ACD™ System and the method of using the system in at least claims 1-5, 7, 10-14, 18-20, 22-26, 29-33, and 36-37 of the '288 patent.

261.    On April 29, 1996, the United States Patent & Trademark Office issued a Certificate Extending Patent Term under 35 U.S.C. § 156 for the period of 1,107 days from the original '288 patent term expiration date of December 11, 2000.

262.    On information and belief, the CPI® Ventak® PRx® ACD™ System does not detect the current condition of the heart and differentiate among various arrhythmias by

274543                                          28

analyzing the outputs generated by a cardiac state evaluation circuit comprising heart rate circuitry and PDF circuitry as required by the claims of the '288 patent.

263.    The '288 patent does not claim the CPI® Ventak® PRx® ACD™ System and the method of using the system. Therefore, the '288 patent does not claim a product or a method of using a product that has been subject to a regulatory review period before its commercial marketing or use as required by 35 U.S.C. § 156. Accordingly, the term of the '288 patent has been improperly extended.

264.    Without the improper patent term extension, the '288 patent would have expired on December 11, 2000.

265.    On October 30, 2001, Defendants asserted that Medtronic's products have infringed and continue to infringe one or more claims of the '288 patent, creating an actual controversy within this Court's jurisdiction.

266.    Medtronic's products cannot infringe the claims of the '288 patent after the expiration of the patent term.

267.    Medtronic is entitled to a declaration that the '288 patent is not entitled to an extension of the patent term under 35 U.S.C. § 156 because the '288 patent does not claim a product or a method of using a product that has been subject to a regulatory review period before its commercial marketing or use as required by 35 U.S.C. § 156. Therefore, the term of the '288 patent has expired.

WHEREFORE, Medtronic prays for judgment as follows:

1.      A declaration that Medtronic has not infringed and is not infringing, either directly, indirectly, contributorily or otherwise, any valid claim of the '288 patent by its manufacture, sale, offer for sale, or use of implantable cardioverter defibrillator products;

2.      A declaration that Medtronic has not infringed and is not infringing, either directly, indirectly, contributorily or otherwise, any valid claim of the '191 patent by its manufacture, sale, offer for sale, or use of implantable cardioverter defibrillator products;

3.      A declaration that defendants are collaterally estopped from asserting any claim of infringement by Medtronic of the '191 patent and '288 patent by its manufacture, sale, offer for sale, or use of implantable cardioverter defibrillator products and from seeking to enforce any of the rights and obligations of Article III of the Agreement that depend on a charge of infringement of the '191 and '288 patents;

4.      A declaration that there are no royalties due or owing under the Agreement for Medtronic's past or future manufacture, sale, offer for sale, or use of implantable cardioverter defibrillator products;

5.      A declaration that the term of the '288 patent has expired;

6.      That Lilly, Guidant, CPI and the Estates of Mieczyslaw Mirowski and Anna Mirowski and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from suing or threatening to sue, or making any charge against Medtronic regarding the alleged infringement of the '288 and '191 patents;

7.      That Medtronic be awarded its costs, disbursements and attorneys' fees herein in accordance with the terms of the Agreement and with Title 35 U.S.C. § 285; and

274543                              30

8.    That Medtronic be awarded such other and further relief as this Court may deem just and proper.

Dated this 27th day of February, 2002.

BINGHAM, MCHALE L.L.P.

By _____

Steven G. Cracraft [3417-49]
Brad Maurer [21730-49]
1100 Chamber of Commerce Building
320 North Meridian Street
Indianapolis, IN 46204-1781
Telephone: 317.634.7588

and

ROBINS, KAPLAN, MILLER &
CIRESI, L.L.P.

Tara D. Sutton
Jake M. Holdreith
Stacie E. Oberts
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

Robert A. Auchter
Suite 1200
1801 K Street, N.W.
Washington, D.C. 20006
(202) 775-0725

ATTORNEYS FOR PLAINTIFF
MEDTRONIC, INC.

274543                                    31

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ENTERED

APR 0 9 2003

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

MEDTRONIC, INC., )
)
Plaintiff, )
)
v. ) Civil Action No. IP02-0328-C-H/K
)
GUIDANT CORPORATION, )
GUIDANT SALES CORPORATION, INC., )
ELI LILLY AND COMPANY, )
CARDIAC PACEMAKERS, INC., and )
ESTATES OF DR. MIECZYSLAW MIROWSKI )
and ANNA MIROWSKI, )
)
Defendants. )

ORDER APPROVING STIPULATION
AND GRANTING AGREED MOTION FOR STAY

This cause is now before the Court on the parties' Stipulation and Agreed Motion

for Stay. The Court having considered the stipulation and agreed motion, and being duly advised

in the premises, hereby grants the motion, finding that it is made for good cause.

It is hereby ORDERED that

(a) the deadlines set forth in the Case Management Plan entered June 12,

2002 are vacated;

(b) the trial set in this cause for January 5, 2004 is vacated;

(c) the final pretrial conference set in this cause for December 19, 2003 is

vacated;

INIMAN2 725151v1

(d)  all further proceedings in this action are stayed until thirty (30) days after the appellate process in *Cardiac Pacemakers, Inc., et al. v. St. Jude Medical, Inc., et al.*, Cause No. 96-1718-C-H/K, has been exhausted; and

(e)  Medtronic, Inc.'s Motion for Summary Judgment and Defendants' Motion to Dismiss Counts 1 through 7 of the First Amended Complaint, which have been withdrawn by the respective parties, shall respectively be deemed resubmitted and ripe for consideration upon a Notice of Resubmission filed by any party after expiration of the stay of this litigation.

Date: 4/9/03

DAVID F. HAMILTON
_____
Judge, U.S. District Court
Southern District of Indiana

Copies to:

John R. Schaibley III
BAKER & DANIELS
Suite 2700
300 North Meridian Street
Indianapolis, IN 46204

J. Michael Jakes
Kara Farnandez Stoll
FINNEGAN HENDERSON FARABOW
  GARRETT & DUNNER, L.L.P.
Suite 700
1300 I Street, N.W.
Washington, D.C. 20005

Richard R. McDowell
HILL FULWIDER McDOWELL
  FUNK & MATTHEWS
One Indiana Square #2000
Indianapolis, IN 46204

INIMAN2 725151v1

Daniel J. Lueders
Thomas Q. Henry
Lisa A. Hiday
WOODARD, EMHARDT, MORIARTY
McNETT & HENRY
111 Monument Circle, Suite 3700
Indianapolis, IN 46204

Steven G. Cracraft
Brad Maurer
BINGHAM McHALE, L.L.P.
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

Tara D. Sutton
Jake M. Holdreith
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
ROBINS, KAPLAN, MILLER & CIRESI
Suite 1200
1801 K Street, N.W.
Washington, D.C. 20006

INIMAN2 725151v1

# EXHIBIT F

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

.03 APR -7 PM 3: 36

SOUTH... DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MEDTRONIC, INC.,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. IP02-0328-C-H/K
                                    )
GUIDANT CORPORATION,                )
GUIDANT SALES CORPORATION, INC.,    )
ELI LILLY AND COMPANY,              )
CARDIAC PACEMAKERS, INC., and       )
ESTATES OF DR. MIECZYSLAW MIROWSKI  )
and ANNA MIROWSKI,                  )
                                    )
        Defendants.                 )

## STIPULATION AND AGREED MOTION FOR STAY

The parties, by and through their undersigned counsel, hereby stipulate and agree that in the interest of judicial economy this action should be stayed pending the exhaustion of the appellate process in *Cardiac Pacemakers, Inc., et al. v. St. Jude Medical, Inc., et al.*, U.S. District Court, S. D. Indiana, Civil Action No. IP 96-1718-C-H/K ("Agreed Stay"). The parties further stipulate and hereby withdraw their respective pending motions, to wit: Defendant's Motion to Dismiss Counts 1 through 7 of the First Amended Complaint, filed May 1, 2002, and Medtronic's Motion for Summary Judgment, filed May 31, 2002 ("the withdrawn motions"), which motions shall be deemed resubmitted upon the filing and service by any party of a Notice of Resubmission at any point after which the Agreed Stay has expired. Accordingly, the parties hereby jointly respectfully move that the Court

(a)    vacate the deadlines set forth in the Case Management Plan entered June 12, 2002;

(b)    vacate the trial set in this cause for January 5, 2004;

INIMAN2 725143v1

Richard R. McDowell
HILL FULWIDER McDOWELL
    FUNK & MATTHEWS
One Indiana Square #2000
Indianapolis, IN 46204
317/488-2000

Attorneys for Defendants
Estates of Dr. Mieczyslaw Mirowski and
Anna Mirowski

Daniel J. Leuders
Thomas Q. Henry
Lisa A. Hiday
WOODARD, EMHARDT, NAUGHTON,
Moriarty & McNETT
111 Monument Circle, Suite 3700
Indianapolis, IN 46204
317/634-3456

Attorneys for Defendant
Eli Lilly and Company

INIMAN2 725143v1

Steven G. Cracraft
Brad Maurer
BINGHAM McHALE, L.L.P.
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

Tara D. Sutton
Jake M. Holdreith
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Robert A. Auchter
ROBINS, KAPLAN, MILLER & CIRESI
Suite 1200
1801 K Street, N.W.
Washington, D.C. 20006

Attorneys for Medtronic, Inc.

INIMAN2 725143v1

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on May 13, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 13, 2008, the foregoing document was served on the following persons as indicated below:

Richard L. Horwitz (rhorwitz@potteranderson.com)            *Via e-mail*
David Ellis Moore (dmoore@potteranderson.com)
Potter Anderson & Corroon, LLP
Hercules Plaza - 6th Floor
1313 North Market St.
Wilmington, DE  19899-0951

Arthur I. Neustadt (aneustadt@oblon.com)            *Via e-mail*
Oblon, Spivak, McClelland, Maier &
   Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Frederick L. Cottrell, III (cottrell@rlf.com)            *Via e-mail*
Anne Shea Gaza (gaza@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

J. Michael Jakes (mike.jakes@finnegan.com)            *Via e-mail*
Naveen Modi (naveen.modi@finnegan.com)
Kathleen A. Daley (kathleen.daley@finnegan.com)
Finnegan Henderson Farabow
   Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC  20001-4413

                          /s/ Arthur G. Connolly, III
                          Arthur G. Connolly, III (#2667)