# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC. | Case No. 07-823-SLR |
| Plaintiff, | |
| v. | **REDACTED – PUBLIC VERSION** |
| BOSTON SCIENTIFIC CORPORATION, GUIDANT CORPORATION, and MIROWSKI FAMILY VENTURES, L.L.C., | **CONFIDENTIAL--FILED UNDER SEAL PURSUANT TO D. DEL. LR 26.2** |
| Defendants. | |

## PLAINTIFF MEDTRONIC, INC.'S ANSWERING BRIEF IN OPPOSITION TO MIROWSKI FAMILY VENTURES' MOTION TO STRIKE MEDTRONIC'S JURY TRIAL DEMAND

Arthur G. Connolly III (No. 2667)
Meredith L. Gaudio (No. 5088)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614
Email: AConnollyIII@cblh.com
Email: MGaudio@cblh.com

Martin R. Lueck, Esq.
Jan M. Conlin, Esq.
Richard M. Martinez, Esq.
Sharon E. Roberg-Perez, Esq.
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

Attorneys for Plaintiff Medtronic, Inc.

Dated: May 8, 2008
Public Version Dated: May 15, 2008

**TABLE OF CONTENTS**

          **Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF THE ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................ 2

ARGUMENT ........................................................................................................................................ 4

    I.   MEDTRONIC IS ENTITLED TO A JURY TRIAL REGARDING
        THE MERITS OF MIROWSKI'S ALLEGATIONS OF PATENT
        INFRINGEMENT ..................................................................................................... 4

CONCLUSION .................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Dimick v. Schiedt,*
  293 U.S. 474, 79 L. Ed. 603, 55 S. Ct. 296 (1935) .................................................................. 4

*In re Tech. Licensing Corp.,*
  423 F.3d 1286 (Fed. Cir. 2005) .......................................................................................... 4, 6

*Jacob v. City of New York,*
  315 U.S. 752, 86 L. Ed. 1166, 62 S. Ct. 854 (1942) ............................................................. 4

*Kao Corp. v. Unilever United States, Inc., C.A.,*
  No. 01-680-SLR U.S. Dist. LEXIS 6677 (D. Del Apr. 17, 2003) ........................................ 6

*Tegal Corp. v. Tokyo Electron America, Inc.,*
  257 F.3d 1331 (Fed. Cir. 2001) ............................................................................................ 6

**Constitutional Provisions**

U.S. CONST. ............................................................................................................................... 4

U.S. CONST. amend. VII ....................................................................................................... 1, 4

## NATURE AND STAGE OF THE PROCEEDINGS

The motion filed by Defendant Mirowski Family Ventures, L.L.C. ("Mirowski") is based on the incorrect premise that Mirowski does not seek damages for alleged infringement of its patents. To the contrary, Mirowski seeks ▬▬▬▬▬▬▬ damages based on its incorrect allegations of infringement. Those same allegations led to the Declaratory Judgment Complaint in this matter, filed by Medtronic, Inc. ("Medtronic"), which seeks declarations that U.S. Patent No. RE38,119 ("the '119 patent") and U.S. Patent No. RE39,897 ("the '897 patent") are invalid, and that Medtronic's products do not infringe any valid and enforceable claims of those patents. (D.I. No. 1 (Compl.) ¶¶ 27-40.) Medtronic demanded a jury trial on the issues. (*Id.*) On February 8, 2008, Mirowski filed its Answer, along with an unrelated counterclaim against Medtronic. (D.I. No. 20 (Answer and Countercl.) ¶¶ 41-52.) Notably, Mirowski also demanded a jury trial. (*Id.*) Despite its own previous demand for a jury trial, Mirowski filed a motion to strike Medtronic's jury trial demand on April 24, 2008.

## SUMMARY OF THE ARGUMENT

1. The Seventh Amendment constitutional right to a jury trial is a fundamental right that applies with equal force to patent infringement cases. A plaintiff seeking a declaratory judgment of invalidity and non-infringement is entitled to its constitutional right to a jury trial in cases where, such as here, past damages for alleged patent infringement are at issue. The parties did enter into a Litigation Tolling Agreement ("Agreement") ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Issues of fact still must be tried regarding whether any of the Medtronic products infringe any of the asserted claims, whether the asserted claims are invalid, and if liability is shown, the calculation

1

of the base of damages for alleged past infringement. ███████████████████
███████████████████████████████████████████████████████████████.

2.  The basic right to a jury trial is only disturbed where the patentee seeks <u>only</u> equitable relief. This, however, is not such a case and Medtronic's constitutional right to jury trial should not be denied. The Agreement between the parties does not forfeit Medtronic's constitutional right to a jury trial, and notably, makes no reference to such a waiver. Indeed both Mirowski and Medtronic made a jury demand in their initial papers. Medtronic is entitled to a trial by jury regarding the factual issues. Accordingly Mirowski's motion should be denied.

## STATEMENT OF FACTS

On October 3, 2007, and pursuant to the Agreement between the parties, Mirowski informed Medtronic that it believed that certain Medtronic products infringe "at least one" of claims 15-26 of the '119 reissue patent. (D.I. No. 1 (Compl.) at ¶21.) On November 20, 2007, Mirowski informed Medtronic which claims of the '119 reissue patent it alleged were infringed, and also alleged that Medtronic's products infringe 25 claims of the '897 reissue patent, which just issued on October 23, 2007. (*Id.* at ¶¶21-22.) Based on Mirowski's infringement allegations, and pursuant to the Agreement, Medtronic filed this action for a Declaratory Judgment that it does not infringe any valid and enforceable claims of the '119 and '897 reissue patents. (*Id.* at ¶¶21-23.) ███████████████████████████████
████████████████████████████████████████████. (D.I. No. 34 (Def. Motion) at Ex. A, p. 7.). At the very center of this dispute is ████████████ potential damages for alleged past infringement ████████████.

████████████████████████████████████████████████████
████████████████████████████████████████████████████

2

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████



████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

Since this is a case that presents issues regarding allegations of past infringement, which is absolutely the type of claim that should be presented to a jury, Mirowski's motion to strike Medtronic's jury demand should be denied.

3

## **ARGUMENT**

### I. MEDTRONIC IS ENTITLED TO A JURY TRIAL REGARDING THE MERITS OF MIROWSKI'S ALLEGATIONS OF PATENT INFRINGEMENT.

The Seventh Amendment requires a serious commitment to trial by jury. As the Supreme Court once stressed, "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt,* 293 U.S. 474, 486, 79 L. Ed. 603, 55 S. Ct. 296 (1935); *See also Jacob v. City of New York*, 315 U.S. 752, 752-53, 86 L. Ed. 1166, 62 S. Ct. 854 (1942) ("The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statement, should be jealously guarded by the courts.").

In patent infringement cases, the right to a jury trial is guaranteed under the Seventh Amendment unless the patentee seeks only equitable relief, *i.e.,* such as where a patentee seeks only injunctive relief. *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1287, 1291-92 (Fed. Cir. 2005). The right to a jury trial attaches to independent claims for declaratory judgment of patent invalidity so long as, when viewed as a reversed infringement suit, the patentee has not limited its remedy solely to equitable relief. *Id.* at 1291-92. Thus, when a patentee seeks only equitable relief and makes no claim to past infringement damages, there exists no right to a jury trial.

Mirowski attempts to deny Medtronic's right to a jury trial as an accused infringer by asserting that no damages are at issue in this case. This case, however, is not one where the patentee seeks only equitable relief. Mirowski's assertion conveniently overlooks the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ potential past damages for alleged patent infringement is

at issue.[1] Indeed, the only fundamental differences between the ordinary, patent-infringement damages case and this case is that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. The determination of the damages base depends on whether any of the patents are found valid and infringed, and, if so, which specific products are found to infringe.

For instance, if Medtronic prevails with respect to both patents, no damages would be awarded. If, however, Medtronic only prevails as to one of the asserted patents, a determination would still be required as to damages for the other patent, which would require a determination as to which specific Medtronic products infringe the asserted claims. Medtronic is entitled to its constitutional right to a jury trial on these issues. ████████████████████████████████████████████████████████████████████████████. Medtronic is therefore entitled to have a jury decide the underlying issues of infringement and validity, in addition to the base of the potential past damages for alleged patent infringement, if any.[2] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] If by its motion, however, Mirowski truly waives all claim to the potential past damages for alleged patent infringement, Medtronic would reconsider its position stated herein.

[2] ████████████████████████████████████████████████ Mirowski would have likely sued Medtronic for breach of contract and for infringement of the '119 and '897 reissue patents, seeking damages for such alleged infringement. In that case, the parties would undoubtedly be entitled to a jury trial. ███████████████████████████████████████████████████████████████████████████████ does not change the nature of the proceedings before this Court – whether or not Mirowski is entitled to recover damages for alleged past infringement of the reissue patents.

5

███████████████████ Medtronic is entitled to a jury trial in determining that aspect of damages.

In this regard, the instant case stands in stark contrast to cases upon which Mirowski relies. In each of the three cases Mirowski cites, the denial of a trial by jury is based upon the fact that the patentee sought only *equitable* relief. *See Kao Corp. v. Unilever United States, Inc.*, *C.A.*, No. 01-680-SLR U.S. Dist. LEXIS 6677, *9 (D. Del Apr. 17, 2003) (holding no right to jury trial where claims are "equitable in nature with no attendant right to damages"); *In re Tech. Licensing Corp.*, 423 F.3d at 1290-91 (holding no right to jury trial "if the patentee seeks only equitable relief"); *Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001) (denying jury trial where patentee "sought only an injunction."). In each of these cases, the patentee had *withdrawn* its claim to past infringement damages and there was no jury trial because the *only* remedy sought by the patentee was *equitable relief*. There is no indication in any of these cases that, like here, an exchange of money for damages of alleged past infringement could potentially occur. Instead, Mirowski relies on cases where the only remedy sought was an injunction to enjoin *future* infringement. By contrast, at issue in this case is ███ ████████████████████████████████████████████████ potential damages for alleged past infringement.[3] ████████████████████████████████████ ████████████████████████████████████. Unlike the cases relied upon by Mirowski, a significant amount of damages for alleged past infringement are at stake here. Accordingly, the cases Mirowski relies upon are inapposite. Mirowski's claim that there is no request for damages in this matter is mere semantics and completely ignores ███████████

---

[3] The insincerity of Mirowski's claim here is evidenced by the fact that it too demands a jury trial—a demand to which Mirowski would not be entitled if, as it purports to assert, Mirowski truly sought only equitable relief and no attendant right to █████████████ past damages for alleged infringement.

6

██████████████████████████████████

██. As such, Mirowski's motion should be denied.

## CONCLUSION

For all of the reasons set forth herein, Medtronic respectfully requests that the Court deny Mirowski's motion to strike Medtronic's jury trial demand.

Dated: May 8, 2008
Public Version Dated: May 15, 2008

                                      By   /s/ Arthur G. Connolly, III
                                      Arthur G. Connolly III (No. 2667)
                                      Meredith L. Gaudio (No. 5088)
                                      CONNOLLY BOVE LODGE & HUTZ LLP
                                      1007 N. Orange Street
                                      P.O. Box 2207
                                      Wilmington, DE 19899
                                      Tel: (302) 658-9141
                                      Fax: (302) 658-5614
                                      Email: AConnollyIII@cblh.com
                                      Email: MGaudio@cblh.com

                                      and

                                      Martin R. Lueck, Esq.
                                      Jan M. Conlin, Esq.
                                      Richard M. Martinez, Esq.
                                      Sharon E. Roberg-Perez, Esq.
                                      ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.
                                      2800 LaSalle Plaza
                                      800 LaSalle Avenue
                                      Minneapolis, Minnesota 55402-2015
                                      (612) 349-8500

                                      ATTORNEYS FOR PLAINTIFF
                                      MEDTRONIC, INC.

## **CERTIFICATE OF SERVICE**

I, Arthur G. Connolly, III, hereby certify that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 15, 2008, the foregoing document was served on the following persons as indicated below:

| | |
|---|---|
| Richard L. Horwitz (rhorwitz@potteranderson.com)<br>David Ellis Moore (dmoore@potteranderson.com)<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza - 6th Floor<br>1313 North Market St.<br>Wilmington, DE 19899-0951 | *Via e-mail* |
| Arthur I. Neustadt (aneustadt@oblon.com)<br>Oblon, Spivak, McClelland, Maier &<br>   Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | *Via e-mail* |
| Frederick L. Cottrell, III (cottrell@rlf.com)<br>Anne Shea Gaza (gaza@rlf.com)<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | *Via e-mail* |
| J. Michael Jakes (mike.jakes@finnegan.com)<br>Naveen Modi (naveen.modi@finnegan.com)<br>Kathleen A. Daley (kathleen.daley@finnegan.com)<br>Finnegan Henderson Farabow<br>   Garrett & Dunner LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413 | *Via e-mail* |

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)

# EXHIBIT A
# REDACTED IN ENTIRETY