# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

MEDTRONIC, INC.

                Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,
GUIDANT CORPORATION, and
MIROWSKI FAMILY VENTURES, L.L.C.,

                Defendants.

Case No. 07-823-SLR

**REDACTED – PUBLIC VERSION**

---

**MEDTRONIC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS MIROWSKI FAMILY VENTURES' COUNTERCLAIM OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER COUNTERCLAIM TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

Arthur G. Connolly III (No. 2667)
Meredith L. Gaudio (No. 5088)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614
Email: AConnollyIII@cblh.com,
Mgaudio@cblh.com

Martin R. Lueck, Esq.
Jan M. Conlin, Esq.
Richard M. Martinez, Esq.
Sharon E. Roberg-Perez, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

Attorneys for Plaintiff Medtronic, Inc.

Dated: May 12, 2008
Public Version Dated: May 19, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................ 1

SUMMARY OF THE ARGUMENT ........................................................................ 3

STATEMENT OF FACTS ....................................................................................... 4

ARGUMENT ............................................................................................................ 7

I.    MIROWSKI'S UNRELATED COUNTERCLAIM SHOULD BE DISMISSED
      OR, IN THE ALTERNATIVE, TRANSFERRED UNDER THE FIRST-FILED
      RULE AND TO AVOID IMPERMISSIBLE CLAIM SPLITTING BY MIROWSKI ..... 7

II.   ALTERNATIVELY, MIROWSKI'S UNRELATED COUNTERCLAIM SHOULD
      BE SEVERED AND TRANSFERRED TO THE SOUTHERN DISTRICT OF
      INDIANA PURSUANT TO 28 U.S.C. § 1404(a) ........................................... 10

      A.    Mirowski's Unrelated Counterclaim May Be Severed Under Rule 21 To
            Facilitate Transfer .................................................................................. 10

      B.    Mirowski's Unrelated Counterclaim Should Be Transferred To The Southern
            District Of Indiana Pursuant To 28 U.S.C. § 1404(a) ........................... 11

            1.    The counterclaim not only could have been brought in the Southern
                  District of Indiana, *it was brought and has been pending* for over
                  six years ...................................................................................... 12

            2.    The convenience of the parties and relevant private interest factors
                  compel transfer ............................................................................ 13

            3.    The interests of justice and relevant public factors weigh strongly in
                  favor of transfer ........................................................................... 14

CONCLUSION ....................................................................................................... 14

80082477.1

## TABLE OF AUTHORITIES

**Page**

**Cases**

Abbott Labs v. Johnson & Johnson, Inc.,
 524 F. Supp. 553 (D. Del. 2007) ................................................................. 8

Alloc, Inc. v. Unilin Decor N.V.,
 No. 03-253, 2006 U.S. Dist. LEXIS 78019 (D. Del. Oct. 26, 2006) ........................ 12

Am. Bio Medica Corp. v. Peninsula Drug Analysis Co.,
 No. 99-218, 1999 U.S. Dist. LEXIS 12455 (D. Del. Aug. 3, 1999) ........................ 14

Apache Prods. Co. v. Employers Ins.,
 154 F.R.D. 650 (S.D. Miss. 1994) .............................................................. 11

At Home Corp. v. Cox Communications., Inc.,
 No. 02-1486, 2003 U.S. Dist. LEXIS 18320 (D. Del. Oct. 8, 2003) ........................ 13

Brunswick Corp. v. Precor Inc.,
 No. 00-691, 2000 U.S. Dist. LEXIS 22222 (D. Del. Dec. 12, 2000) ........................ 14

Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,
 144 Fed. Appx. 106 (Fed. Cir. July 20, 2005) ................................................. 9

Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,
 296 F.3d 1106 (Fed. Cir. 2002) ................................................................. 6

Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,
 418 F. Supp. 2d 1021, 1023 (S.D. Ind. 2006.) ............................................. 2, 5, 7

Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,
 483 F. Supp. 734 (S.D. Ind. 2007) ............................................................. 2

Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,
 Case Nos. 2007-1296 (Fed. Cir.) .............................................................. 2, 7

Corixa Corp. v. IDEC Pharmaceuticals Corp.,
 2002 WL 265094 (D. Del. Feb. 25, 2002) ...................................................... 9

Crosley Corp. v. Hazeltine Corp.,
 122 F.2d 925 (3d Cir. 1941) ..................................................................... 8

CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.,
 896 F. Supp. 505 (D. Md. 1995) ................................................................ 11

*E.E.O.C. v. University of Pennsylvania,*
    850 F.2d 969 (3d Cir. 1988) ........................................................................................ 8

*Finisar Corp. v. DirecTV Group Inc.,*
    Nos. 2007-1023, 2008 U.S. App. LEXIS 8404 (Fed. Cir. April 18, 2008) ................................ 9

*Genentech v. Eli Lilly & Co.,*
    998 F.2d 931 (Fed. Cir. 1993) ...................................................................................... 9

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1994) ......................................................................................... 12

*Markman v. Westview Instruments, Inc.,*
    517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996)...................................................... 10

*Smith v. M'Iver,*
    22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824).................................................................... 8

*Spencer, White & Prentis Inc. v. Pfizer Inc.,*
    498 F.2d 358 (2d Cir. 1974) ........................................................................................ 10

*Sporia v. Penn. Greyhound Lines,*
    143 F.2d 105 (3d Cir. 1944) ........................................................................................ 11

*Stewart Org., Inc. v. Ricoh Corp.,*
    487 U.S. 22 (U.S. 1988)................................................................................................ 11

*Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.,*
    No. 04-852, 2005 U.S. Dist. LEXIS 5174 (D. Del. Mar. 30, 2005) ........................................ 13

*Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.,*
    215 F.R.D. 621 (D. Kan. 2003) .................................................................................... 11

*The Original Creatine Patent Co. v. Kaizen, Inc.,*
    No. 02-471, 2003 U.S. Dist. LEXIS (D. Del. Jan. 22, 2003) ................................................ 12

*Time Warner Cable, Inc. v. GPNE Corp.,*
    497 F.Supp.2d 584 (D. Del. 2007)................................................................................. 8

*Time Warner Cable, Inc., v. USA Video Tech. Corp.,*
    520 F. Supp. 2d 579 (D. Del 2007)................................................................................ 9

*Toro Co. v. Alsop,*
    565 F.2d 998 (8th Cir. 1977) ....................................................................................... 10, 11

*Van Dusen v. Barrack,*
    376 U.S. 612 (1964).................................................................................................... 12

*Wyndham Assoc. v. Bintliff,*
    398 F.2d 614 (2d Cir. 1968) ........................................................................... 10, 11

**Statutes**

28 U.S.C. § 1404(a) ...................................................................................... 3, 10, 11

Federal Rules of Civil Procedure 21 ................................................................ 3, 10

**Other Authorities**

7 Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 1689 (3d ed. 2001) .................................................. 11

80082477.1

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Medtronic, Inc. ("Medtronic") filed its Complaint in this case before the United States District Court for the District of Delaware on December 17, 2007, seeking declarations that U.S. Patent No. RE38,119 ("the '119 patent") and U.S. Patent No. RE39,897 ("the '897 patent") are invalid, and that Medtronic's products do not infringe any valid and enforceable claims of those patents. (D.I. No. 1 (Compl.) ¶¶ 27-40.) The parties agreed that Medtronic would file this declaratory judgment action on the '119 and '897 patents—and no other patents—in Delaware pursuant to a Litigation Tolling Agreement previously entered into between Medtronic and Defendant Mirowski Family Ventures, L.L.C. ("Mirowski"). (Ex. A hereto, Litigation Tolling Agreement.)

However, on February 8, 2008, Defendant Mirowski filed its Answer to the declaratory judgment complaint. (D.I. No. 20 (Answer and Countercl.)) Despite the Tolling Agreement's provisions limiting this lawsuit to the '119 and '897 patents,[1] Mirowski asserted a counterclaim against Medtronic regarding another patent, United States Patent No. 4,407,288 ("the '288 patent"). (*Id.* at ¶¶ 41-52.) Remarkably, Mirowski asserted its counterclaim relating to the '288 patent despite the fact that the '288 patent is actually the subject of pending litigation between the same parties in the United States District Court for the Southern District of Indiana. Indeed, the '288 patent has been extensively litigated in the Indiana district court.

---

[1]    For example, the Litigation Tolling Agreement required Mirowski's notices of infringement to trigger this action. (Ex. A hereto.) While Mirowski gave notice of the '119 and '897 patents, it made no mention of the '288 patent. (*See* Exs. B and C hereto, Neustadt Letters to Medtronic.)

***The '288 Patent Has Been Invalidated Twice and is Before the Federal Circuit.***

In 1996 Mirowski and its patent licensees filed a patent infringement lawsuit regarding the '288 patent in the United States District Court for the Southern District of Indiana. *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 418 F. Supp. 2d 1021, 1023 (S.D. Ind. 2006.) Mirowski's suit accused St. Jude Medical, among others, of infringing the '288 patent. *Id.* at 1023-24. After the district court found the '288 patent invalid, Medtronic filed a declaratory judgment action regarding the '288 patent in the United States District Court for the Southern District of Indiana against Mirowski. (Ex. D hereto, Medtronic Compl., S.D. Ind., Feb. 27, 2002.) Both cases are still pending before the same Judge, the Honorable Judge David F. Hamilton.

After considerable litigation, the Medtronic action involving the '288 patent was stayed by Judge Hamilton, at the request of the parties, pending the final resolution of the earlier-filed St. Jude litigation. (Ex. E hereto, Order, S.D. Ind., April 9, 2003.) The stay was explicitly predicated on the notion that suspending further litigation between Mirowski and Medtronic on the '288 patent was "in the interest of judicial economy" given the overlap in issues in the St. Jude Litigation. (Ex. F hereto, Stipulated Stay at 1, filed April 7, 2003.) The St. Jude litigation has proceeded extensively and Judge Hamilton has twice found the '288 patent invalid. *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 483 F. Supp. 734, 736, 745 (S.D. Ind. 2007). The case has been to the Federal Circuit four times, and a fifth appeal is currently pending. *See id.* at 736, n.1; *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, Case Nos. 2007-1296, -1347 (Fed. Cir.).

Inexplicably, Mirowski has now asserted its purported rights under the '288 patent in a counterclaim in this action before this Court in Delaware. Quite simply, Mirowski's

2

counterclaim is an impermissible attempt to avoid the invalidity ruling of the Indiana court, which currently has jurisdiction over the '288 patent dispute between Mirowski and Medtronic.

## SUMMARY OF THE ARGUMENT

1.      The first-filed rule requires dismissal or, in the alternative, transfer of Mirowski's second-filed counterclaim because pending litigation exists in another federal district court involving the same parties, the same patent, and the same issues.  The law against claim splitting further precludes this Court's consideration of Mirowski's counterclaim, which fundamentally seeks a declaratory judgment from this Court regarding the parties' respective rights under the '288 patent.  Those rights are at issue in a pending lawsuit filed by Medtronic over six years ago in the Southern District of Indiana, which retained jurisdiction over this dispute.

2.      Alternatively, under Rule 21 of the Federal Rules of Civil Procedure, this Court has the authority to sever any claim, at any time, when it would serve the ends of justice and promote the prompt and efficient disposition of litigation.  Moreover, severance may be used to facilitate the transfer of an unrelated claim or counterclaim.  Severance is clearly warranted in this case where Mirowski's counterclaim relates to a pending action in another district, and the counterclaim has no relation to the claims in the action before this Court.

3.      Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where it might have originally been brought when it would be convenient for the parties and the interests of justice would be served.  The relevant considerations weigh strongly in favor of transferring Mirowski's counterclaim to the Southern District of Indiana, where the original action involving the same parties and claims not only *could* have been brought, but was *in fact* brought and is still pending.

80082477.1

Neither Mirowski nor Medtronic would be burdened by transfer of the counterclaim to the Southern District of Indiana. The parties have already been litigating their respective rights under the '288 patent before Judge Hamilton since 2002, and the St. Jude litigation is still pending. To the contrary, it would needlessly burden the parties to have litigation involving the same patent and parties duplicated in Delaware. For purposes of consistency and judicial economy, related lawsuits involving the same parties and issues should be resolved by the same court.

### STATEMENT OF FACTS

This case involves two patents, the '119 and the '897, that the parties agreed to present to this Court pursuant to the express terms of a Litigation Tolling Agreement. (Ex. A hereto, Litigation Tolling Agreement.) These patents are not the subject of any other proceedings elsewhere between the parties. In contrast, the '288 patent, which is the subject of Mirowski's counterclaim, is currently being litigated by the parties in a lawsuit filed in 2002 in the United States District Court for the Southern District of Indiana before The Honorable Judge David F. Hamilton. (*See* Exs. D (Complaint) and E (Stay Order) hereto.) Judge Hamilton still has jurisdiction over that case and all disputes between the parties related to the '288 patent. With its purported counterclaim, Mirowski seeks to evade the jurisdiction of the Indiana district court, which has found the '288 patent invalid. In so doing, Mirowski improperly seeks to split its cause of action in an apparent attempt to avoid the invalidity ruling of the Indiana court.

*Judge Hamilton Has Presided Over the '288 Patent Dispute for Over a Decade.*

On May 13, 1991, Medtronic entered into a License Agreement with Eli Lilly and Cardiac Pacemakers, Inc.[2] ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████

In November 1996, Cardiac Pacemakers, Inc., Guidant Sales Corp., Mirowski Family Ventures, L.L.C., and Anna Mirowski (collectively "Mirowski") filed a patent infringement suit against St. Jude Medical, Inc., Pacesetter, Inc., and Ventritex, Inc. (collectively "St. Jude") in the United States District Court for the Southern District of Indiana ("the St. Jude litigation"). *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 418 F. Supp. 2d 1021, 1023 (S.D. Ind. 2006). Mirowski alleged that St. Jude infringed four patents dealing with implantable cardiac defibrillators, including the '288 patent. *Id.* at 1023-24. The Honorable Judge David F. Hamilton presided over the litigation. *Id.* at 1023.

The St. Jude litigation went to trial in June 2001. *Id.* at 1025. On February 13, 2002, Judge Hamilton granted St. Jude's motions for judgment as a matter of law, finding the '288 patent invalid and not infringed. *Id.* at 1025-26. Mirowski appealed Judge Hamilton's rulings on the '288 patent to the Court of Appeals for the Federal Circuit. *Id.* at 1026.

After the '288 patent was found invalid on February 13, 2002, Medtronic suspended royalties payments pursuant to Article III of the 1991 License Agreement. (Ex. D hereto,

---

2    ███████████████████████████████████████████████████████████

3    Unlike the Mirowski '288 patent, the '119 and '897 patents before this Court were applied for by Morton Mower, not Mirowski. The '119 and '897 patents were ultimately assigned to Mirowski Family Ventures.

Medtronic Compl., S.D. Ind., at ¶21.)   Thereafter, on February 27, 2002, Medtronic filed a declaratory judgment action in the Southern District of Indiana against Guidant Corp., Guidant Sales Corp., Eli Lilly and Co., Cardiac Pacemakers, Inc., and the Estates of Dr. Mieczyslaw Mirowski and Anna Mirowski seeking a declaration that Mirowski is collaterally estopped from charging Medtronic with infringement of the '288 patent based upon the invalidity finding. (*Id.*) In the alternative, Medtronic sought a declaration that its products do not infringe any valid and enforceable claims of the '288 patent. (*Id.*)

### *Judge Hamilton Still Has Jurisdiction Over the '288 Patent Dispute.*

Notably, at that time, the issues concerning the validity of the '288 patent were before the United States Court of Appeals for the Federal Circuit, on appeal from the St. Jude litigation. *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 296 F.3d 1106 (Fed. Cir. 2002).   As such, Mirwoski and Medtronic agreed to stay the pending litigation regarding the '288 patent until a final, non-appealable decision was entered regarding the validity of the '288 patent. ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

In accordance with this agreement, the parties filed a Stipulation and Agreed Motion for Stay, agreeing to stay the action "pending the exhaustion of the appellate process" in the St. Jude Litigation. (Ex. F hereto, Stipulation, S.D. Ind., filed April 7, 2003.)   The Court then issued an Order approving the stay "until 30 days after the appellate process" in the St. Jude Litigation "has been exhausted."  (Ex. E hereto, Order, S. D. Ind., April 9, 2003.)

6

Notably, to this day, there is still no full and final resolution of the appellate process in the St. Jude Litigation. After the case was remanded by the Federal Circuit in 2004, Judge Hamilton reconstrued the claim of the '288 patent at issue and then found that the '288 patent was anticipated by the prior art in light of the new construction. *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 418 F. Supp. 2d 1021 (S.D. Ind. 2006) (order on claim construction); *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 483 F. Supp. 2d 734 (S.D. Ind. 2007) (order on summary judgment). This was the second time Judge Hamilton found the '288 patent invalid. Guidant then appealed that ruling. The appeal is currently pending before the Federal Circuit. *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, Case Nos. 2007-1296, -1347 (Fed. Cir.). Appellate briefing was only recently completed, and oral argument has not been set.

As such, the stay in the Indiana action between Medtronic and Mirowski remains in place. Despite the pending stay Order in Indiana, and apparently seeking to avoid Judge Hamilton and the invalidity ruling of the Southern District of Indiana, Mirowski waited to assert the '288 patent against Medtronic in a counterclaim before this Court. It bears emphasizing that Mirowski has *not* at any time sought to lift the stay in the Indiana action.

## ARGUMENT

### I.    MIROWSKI'S UNRELATED COUNTERCLAIM SHOULD BE DISMISSED OR, IN THE ALTERNATIVE, TRANSFERRED UNDER THE FIRST-FILED RULE AND TO AVOID IMPERMISSIBLE CLAIM SPLITTING BY MIROWSKI

Mirowski's counterclaim should be dismissed or, in the alternative, transferred in favor of the first-filed action in the Southern District of Indiana, which has presided over litigation involving the same parties and the same patent for over six years. The '288 patent stands invalidated by the Indiana court and an appeal is pending. No justification exists to allow Mirowski to split its claims regarding the '288 patent from an existing and pending, first-filed

7

litigation in an apparent attempt to avoid the invalidity ruling of the Indiana court, nor to burden this Court and Medtronic with identical issues in a second-filed action.

The Indiana action and Mirowski's counterclaim relate to the same claims and set of operative facts and, as such, Mirowski's second-filed counterclaim effectively seeks to side-step a final adjudication by the Southern District of Indiana. Both suits relate to the identical subject matter – Mirowski's alleged rights against Medtronic under the '288 patent. Mirowski's counterclaim invites this Court to split Mirowski's claims pending in the Southern District of Indiana.

The first-filed rule provides that "in all cases of federal concurrent jurisdiction the court which first had possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 929 (3d Cir. 1941) (quoting *Smith v. M'Iver,* 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824)). "Where proceedings involving the same parties and issues are pending simultaneously in different federal courts, the first to file rule requires the dismissal of the second-filed suit absent exceptional circumstances." *Abbott Labs v. Johnson & Johnson, Inc.*, 524 F. Supp. 553, 557 (D. Del. 2007). In addition to dismissal, the district court also has the discretion to stay or transfer the second-filed action to the court where the first-filed action is pending. *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 977 (3d Cir. 1988).

The first-filed rule "serves to prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all disputes from common matters." *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F.Supp.2d 584, 589, n.1 (D. Del. 2007) (*citation omitted*). The rule further "encourages sound judicial administration and promotes comity among federal courts of equal rank." *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir. 1988). Invoking the rule is the norm, and not the exception. *Id.* "Where two patent lawsuits involving the same claims are

filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances." *Corixa Corp. v. IDEC Pharmaceuticals Corp.*, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002) (citing *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

Dismissing or, in the alternative, transferring Mirowski's counterclaim to the jurisdiction of the first-filed action, will also promote judicial economy. Judge Hamilton in the Southern District of Indiana has committed substantial judicial resources to the Mirowski '288 patent, having presided over litigation involving the '288 patent since 1996, including litigation involving the same parties and the '288 patent since 2002. The Federal Circuit has already noted Judge Hamilton's particular experience and knowledge of these issues, ruling that "the familiarity of the district court with [the] eight-year old, multi-patent" St. Jude litigation, which includes the '288 patent, justified departing from the Seventh Circuit rule requiring reassignment to a new judge on remand. *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 144 Fed. Appx. 106, 107 (Fed. Cir. July 20, 2005).

Curiously, Mirowski's counterclaim apparently seeks precisely to avoid Judge Hamilton's expertise and rulings, while imposing duplicative burdens on this Court. *See Time Warner Cable, Inc., v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 587 (D. Del 2007) ("[C]ourts are burdened by the cases they take on and should therefore not be called upon to duplicate each other's work in cases involving the same issues."). Promotion of judicial economy and "the importance of uniformity in the treatment of a given patent" warrants application of the first-filed rule under these facts. *See Finisar Corp. v. DirecTV Group Inc.*, Nos. 2007-1023, -1024, 2008 U.S. App. LEXIS 8404, at *10 (Fed. Cir. April 18, 2008) (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390, 116 S. Ct. 1384, 134 L. Ed. 2d 577

(1996)).    For the reasons set forth, Medtronic respectfully requests that Mirowoski's counterclaim be dismissed or, in the alternative, be transferred to the Southern District of Indiana.

## II.    ALTERNATIVELY, MIROWSKI'S UNRELATED COUNTERCLAIM SHOULD BE SEVERED AND TRANSFERRED TO THE SOUTHERN DISTRICT OF INDIANA PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to Federal Rules of Civil Procedure 21 and 28 U.S.C. § 1404(a), this Court may sever any unrelated claim and transfer it to another district where it could have been brought when doing so would be convenient for the parties and would serve the interests of justice and judicial economy.  Here, Mirowski's '288 counterclaim is completely unrelated to the '119 and '897 patents that are the subject of Medtronic's Complaint before this Court.    The parties' Litigation Tolling Agreement requires suit in this District of the '119 and '897 patents, but not the '288 patent.  All of the relevant factors, therefore, weigh in favor of the severing and transfer of Mirowski's counterclaim.

### A.    Mirowski's Unrelated Counterclaim May Be Severed Under Rule 21 To Facilitate Transfer.

This Court plainly has the authority to sever Mirowski's unrelated counterclaim to facilitate its transfer.  Rule 21 of the Federal Rules of Civil Procedure provides that a court may, at any time, sever any claim or counterclaim against a party.  Fed. R. Civ. P. 21.  Although the rule addresses situations of improper joinder, severance is not limited to just those circumstances.  *See Toro Co. v. Alsop*, 565 F.2d 998, 1000 (8th Cir. 1977); *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618-19 (2d Cir. 1968); *Spencer, White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974).  Indeed, Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a

10

severance." *Wyndham Assoc.*, 398 F.2d at 618 (citing *Sporia v. Penn. Greyhound Lines*, 143 F.2d 105 (3d Cir. 1944)).

Severance is appropriate when it would serve the ends of justice and promote the prompt and efficient disposition of litigation. *See, e.g.*, *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995). Courts have held that severance may be used solely to facilitate the transfer of an unrelated claim or counterclaim. *See, e.g.*, *Toro Co.*, 565 F.2d at 1000; *Wyndham Assoc.*, 398 F.2d at 618-19, *Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623-25 (D. Kan. 2003); *Apache Prods. Co. v. Employers Ins.*, 154 F.R.D. 650, 660 (S.D. Miss. 1994).[4]

Here, by Mirowski's own admission, the counterclaim bears no relation to the rest of the claims in this litigation. (D.I. No. 34 (Def. Motion) at p. 8, n.1.). Medtronic's claims relate to issues of infringement and invalidity of two related reissue patents, '119 and '897. Neither of these two reissue patents, and none of the accused products, are implicated by Mirowski's counterclaim. Accordingly, severance is an appropriate measure to facilitate transfer.

### B.    Mirowski's Unrelated Counterclaim Should Be Transferred To The Southern District Of Indiana Pursuant To 28 U.S.C. § 1404(a).

A district court may transfer a civil action to another district where it might have been brought when transfer would be convenient for the parties, and the interests of justice would be served. 28 U.S.C. § 1404(a). Section 1404(a) gives the district court the discretion to decide motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (U.S. 1988) (quoting *Van*

---

[4]    *See also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1689 (3d ed. 2001) ("Even when venue is proper as to all defendants, the court may . . . sever an unrelated claim and give it separate treatment when doing so would be in the interest of some or all of the parties.").

*Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The moving party bears the burden of establishing the need for transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1994).

In addition to the enumerated factors in § 1404(a), courts in the Third Circuit consider all other relevant factors, including various private and public interests. *Jumara*, 55 F.3d at 879-80; *The Original Creatine Patent Co. v. Kaizen, Inc.*, No. 02-471, 2003 U.S. Dist. LEXIS, at *6-7 (D. Del. Jan. 22, 2003).   Private interests include the plaintiff's and defendant's forum preferences; whether the claim arose elsewhere; the convenience of the parties; the convenience of the witnesses; and the location of the relevant records. *Jumara*, 55 F.3d at 879-80.  Public interests include the enforceability of the judgment; practical considerations that could expedite the trial; the relative administrative difficulty in the two forums resulting from docket congestion; local interests in deciding local interests at home; and the familiarity of the trial judge with applicable state law in diversity cases. *Id.*  All of these factors compel transfer.

> **1.      The counterclaim not only could have been brought in the Southern District of Indiana, *it was brought and has been pending* for over six years.**

Mirowski's counterclaim, which seeks the declaration of the parties' respective rights under the '288 patent, is currently pending in the transferee (Indiana) district.  The Indiana court has twice invalidated the '288 patent.  There is little question, therefore, that the claim "could" have originally been brought in the Southern District of Indiana because the litigation regarding this very issue *has* been brought in that district. *See Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253, 2006 U.S. Dist. LEXIS 78019, at *6 (D. Del. Oct. 26, 2006) (finding an action could have been brought in transferee district, in part, because the plaintiff had already sued the defendant in that district).  Accordingly, this factor weighs heavily in favor of transfer.

12

    **2.**    **The convenience of the parties and relevant private interest factors compel transfer.**

The convenience of the parties and the relevant private interest factors favor transferring Mirowski's counterclaim to the Southern District of Indiana. Mirowski has demonstrated the convenience of the Southern District of Indiana by commencing patent infringement litigation involving the '288 patent against St. Jude in that district. Similarly, Mirowski has been involved in litigation with Medtronic in Indiana since 2002. Mirowski's abrupt choice of Delaware as the forum for its counterclaim is entitled to no deference where there is an already-pending action in another district in which Mirowski has litigated extensively. Deference will be afforded to the plaintiff's choice only as long as it was made for some legitimate reason. *See Sumito Mitsubishi Silicon Corp. v. MEMC Elec. Materials, Inc.*, No. 04-852, 2005 U.S. Dist. LEXIS 5174, at *6 (D. Del. Mar. 30, 2005). Trying to evade the Indiana court's ruling of invalidity is not a legitimate reason to select this forum.

The connection between Mirowski or its counterclaim and the District of Delaware here is non-existent. Mirowski Family Ventures, L.L.C. is a Maryland limited liability corporation, and its registered office address is 6605 Kenhill Road in Bethesda, Maryland. (D.I. No. 1 (Compl.)) Moreover, Mirowski's unrelated counterclaim did not arise out of events occurring in the District of Delaware. To the contrary, the allegations serving as a basis of the counterclaim unquestionably arose out of, and is inextricably intertwined with, the pending litigation between the parties regarding '288 patent in the Southern District of Indiana. *See At Home Corp. v. Cox Communications., Inc.*, No. 02-1486, 2003 U.S. Dist. LEXIS 18320, at *5-6 (D. Del. Oct. 8, 2003) (ordering transfer and noting that none of the relevant acts or transactions occurred in the District of Delaware).

13

**3.    The interests of justice and relevant public factors weigh strongly in favor of transfer.**

The interests of justice and the relevant public interest factors also weigh heavily in favor of transfer to the Southern District of Indiana.  Practical considerations are paramount in this case.  When a related lawsuit exists, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Brunswick Corp. v. Precor Inc.*, No. 00-691, 2000 U.S. Dist. LEXIS 22222, at *7-8 (D. Del. Dec. 12, 2000).  "Motions to transfer venue are granted . . . if there is a related case which has been filed first or otherwise is the more appropriate vehicle to litigate the issues between the parties." *Am. Bio Medica Corp. v. Peninsula Drug Analysis Co.*, No. 99-218, 1999 U.S. Dist. LEXIS 12455, at *18 (D. Del. Aug. 3, 1999).

## CONCLUSION

For all of the reasons set forth herein, Medtronic respectfully requests that the Court dismiss Mirowski's counterclaim or, in the alternative, sever the counterclaim and transfer it to the United States District Court for the Southern District of Indiana[5].

Dated:  May 12, 2008
Public Version Dated: May 19, 2008

By /s/ Arthur G. Connolly, III
Arthur G. Connolly III (No. 2667)
Meredith L. Gaudio (No. 5088)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614
Email: AConnollyIII@cblh.com
Mgaudio@cblh.com

---

[5]    This Court raised the prospect of a stay of Mirowski's '288 counterclaim pending resolution of the first-filed Indiana action during the case scheduling conference.  While a dismissal or transfer is more appropriate for the reasons discussed above, at a minimum a stay of Mirowski's '288 counterclaim should be entered until the conclusion of the Indiana action.

14

80082477.1

and

Martin R. Lueck, Esq.
Jan M. Conlin, Esq.
Richard M. Martinez, Esq.
Sharon E. Roberg-Perez, Esq.
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
MEDTRONIC, INC.

15

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on May 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 19, 2008, the foregoing document was served on the following persons as indicated below:

Richard L. Horwitz (rhorwitz@potteranderson.com)          *Via e-mail*
David Ellis Moore (dmoore@potteranderson.com)
Potter Anderson & Corroon, LLP
Hercules Plaza - 6th Floor
1313 North Market St.
Wilmington, DE  19899-0951

Arthur I. Neustadt (aneustadt@oblon.com)                  *Via e-mail*
Oblon, Spivak, McClelland, Maier &
    Neustadt, P.C.
1940 Duke Street
Alexandria, VA  22314

Frederick L. Cottrell, III (cottrell@rlf.com)             *Via e-mail*
Anne Shea Gaza (gaza@rlf.com)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

J. Michael Jakes (mike.jakes@finnegan.com)                *Via e-mail*
Naveen Modi (naveen.modi@finnegan.com)
Kathleen A. Daley (kathleen.daley@finnegan.com)
Finnegan Henderson Farabow
    Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC  20001-4413

  /s/ Arthur G. Connolly, III
    Arthur G. Connolly, III (#2667)

# EXHIBIT A
# REDACTED IN ITS ENTIRETY

# EXHIBIT B
# REDACTED IN ITS ENTIRETY

# EXHIBIT C
# REDACTED IN ITS ENTIRETY

# EXHIBIT G
# REDACTED IN ITS ENTIRETY

# EXHIBIT H
# REDACTED IN ITS ENTIRETY