IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MEDTRONIC, INC.

        Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION,
GUIDANT CORPORATION, and
MIROWSKI FAMILY VENTURES, L.L.C.,

        Defendants.

No. 07-823-SLR

PUBLIC VERSION

**MEDTRONIC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS MIROWSKI FAMILY VENTURES' COUNTERCLAIM OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER COUNTERCLAIM TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA**

Arthur G. Connolly, III (Bar No. 2667)
Meredith L. Gaudio (Bar No. 5088)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614
Email: AConnollyIII@cblh.com,
Mgaudio@cblh.com

Martin R. Lueck, Esq.
Jan M. Conlin, Esq.
Richard M. Martinez, Esq.
Sharon E. Roberg-Perez, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

Dated: June 13, 2008
Public Version Dated: June 20, 2008

Attorneys for Plaintiff Medtronic, Inc.

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................ 1

I.  THE FIRST FILED RULE WARRANTS DISMISSAL OR, IN THE ALTERNATIVE, TRANSFER OF MIROWSKI'S '288 COUNTERCLAIM WHERE RELATED MATTERS BETWEEN THE SAME PARTIES ARE PENDING IN ANOTHER JURISDICTION ..... 1

II. IN THE ALTERNATIVE, THIS COURT SHOULD SEVER AND TRANSFER MIROWSKI'S '288 COUNTERCLAIM TO THE SOUTHERN DISTRICT OF INDIANA UNDER 28 U.S.C. §1404(a)................................................................................. 4

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Blonder-Tongue Labs v. Univ. of Illinois Found.*,
  402 U.S. 313 (1971) ............................................................................................................. 2

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  381 F.3d 1371 (Fed. Cir. 2004) ............................................................................................ 2

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  418 F.Supp.2d 1021 (S.D. Ind. 2006 .................................................................................... 2

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
  Case Nos. 2007-1296 (Fed. Cir.) .......................................................................................... 4

*Time Warner Cable, Inc. v. GPNE Corp.*,
  497 F.Supp.2d 584  n.1 (D. Del. 2007) ................................................................................ 1

## ARGUMENT

Notably, Mirowski's response does not dispute Medtronic's legal argument that Mirowski's '288 Counterclaim should be dismissed or, in the alternative, transferred. Instead, Mirowski engages in an exercise of semantics to highlight certain facts, some of which it admits are immaterial, and attempts to argue the merits of its Counterclaim, which seeks the payment of disputed royalties on a patent that has been invalidated.

Despite the fact that litigation between these same parties regarding liability under the '288 patent is currently pending before Judge Hamilton in the Southern District of Indiana, Mirowski asserts its '288 Counterclaim in this Court seeking a declaration of liability under the <u>same</u> patent. Mirowski should not be allowed to improperly split its claims related to common matters amongst different Courts.

**I.   THE FIRST FILED RULE WARRANTS DISMISSAL OR, IN THE ALTERNATIVE, TRANSFER OF MIROWSKI'S '288 COUNTERCLAIM WHERE RELATED MATTERS BETWEEN THE SAME PARTIES ARE PENDING IN ANOTHER JURISDICTION**

Instead of substantively addressing Medtronic's argument that the "first filed" rule warrants dismissal or transfer of Mirowski's '288 Counterclaim, Mirowski merely alleges that the issue as framed and presented by its Counterclaim is not before Judge Hamilton in the Southern District of Indiana. (D.I. No. 53 at p. 5). That premise is legally and factually flawed. Contrary to Mirowski's assertion, the first-filed rule is designed to "prevent a multiplicity of actions and to achieve resolution in a single lawsuit of all disputes from common matters." *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F.Supp.2d 584, 589, n.1 (D. Del. 2007) (*citation omitted*). Mirowski does not dispute that this case involves the same parties and the same patent as those pending before Judge Hamilton in Indiana. Accordingly, as explained in Medtronic's opening brief, the first-filed rule justifies the dismissal of Mirowski's Counterclaim.

1

Mirowski attempts to side-step the first-filed rule by offering a narrow characterization of its '288 Counterclaim, which it presents as the limited question of whether "Scenario A" has occurred. (D.I. No. 53 at p. 5). The Agreement between the parties, however, provides for three "Scenarios" with respect to how the parties will proceed in the pending litigation before Judge Hamilton in Indiana. (*See* D.I. No. 41, at Ex. H). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

None of the potential Scenarios contemplated under the Agreement can occur until there is a final, non-appealable ruling in the St. Jude litigation. (*See* D.I. No. 41, at Ex. H). Therefore, it is unnecessary and inefficient to burden this Court with an issue that will ultimately be decided in the Indiana action. Mirowski's Counterclaim is an improper attempt to force this Court to decide the issue now, contrary to the contractual agreement between the parties, and effectively grant royalties to Mirowski on a patent that has been invalidated.[2] Mirowski offers no persuasive reason (nor can it) as to why this Court is in a better position to determine whether a final, non-appealable decision in the St. Jude litigation in the Southern District of Indiana—something that has not even occurred—████████████████████████████████████████████

---

[1] What remains of Mirowski's response is an attempt to argue the merits of its '288 Counterclaim by arguing that Scenario A occurred, in part, because the Federal Circuit did not add "any limitation whatsoever" in its 2004 decision. This assertion, however, ignores the outcome of that ruling: the case was remanded to Judge Hamilton for, among other things, a new claim construction, and based on that new claim construction, Judge Hamilton again found the '288 invalid. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1382 (Fed. Cir. 2004) (remanding to the district court for further claim construction); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 418 F.Supp.2d 1021 (S.D. Ind. 2006) (finding the '288 invalid for anticipation under new claim construction).

[2] One must also question the propriety of Mirowski's Counterclaim. *See, e.g., Blonder-Tongue Labs v. Univ. of Illinois Found.*, 402 U.S. 313, 346 (1971) (noting that "if the claims [of a patent] are in fact invalid and are identical to those invalidated in a previous suit against another party, any royalties actually paid are an unjust increment to the alleged infringer's costs.").

2

███████████████████████████████████████████████
█████████████████████████

It's is axiomatic that Judge Hamilton is already familiar with "what occurred" in the St. Jude proceedings before him relating to the '288 patent—a patent that has been the subject of litigation before Judge Hamilton since 1996. Mirowski does not provide any compelling reason to justify its burdening this Court and requiring it to engage in such an analysis.

The fact remains that the issues presented by Mirowski's '288 Counterclaim can and should be fully resolved in the Indiana Court. Mirwoski's assertion that Judge Hamilton made no substantive rulings in the litigation between <u>these parties</u> relating to the '288 patent entirely misses the point. That litigation was only stayed by Judge Hamilton by request of the parties as a matter of judicial economy while the St. Jude litigation exhausted the appellate process regarding the invalidity of the '288 patent. (D.I. No. 41, at Ex. F). For Mirowski to suggest that Judge Hamilton is not substantively familiar with the proceedings concerning the '288 patent— proceedings over which he presided—because he made no substantive rulings before staying the parties' case ignores his 12-year litigation history, including a trial, related to this patent. ████ ██████████████████████████████████ Judge Hamilton's extensive experience, knowledge and understanding of the '288 patent will be critical as the parties proceed to trial before him in the Southern District of Indiana.

Mirowski's attempt to avoid Judge Hamilton's invalidity rulings apparently extends so far that it is willing to stay its '288 Counterclaim and have it lay dormant on this Court's docket until after the disposition of Medtronic's declaratory judgment action related to the '119 and '897 patents, even though such disposition may occur well after the St. Jude litigation is fully

3

resolved.[3]  In the meantime, the lingering question of whether the litigation between the parties in the Southern District of Indiana should proceed would be pending in two separate Courts. Judicial economy therefore warrants the dismissal and/or transfer of Mirowski's '288 Counterclaim to the Southern District of Indiana.

## II.    IN THE ALTERNATIVE, THIS COURT SHOULD SEVER AND TRANSFER MIROWSKI'S '288 COUNTERCLAIM TO THE SOUTHERN DISTRICT OF INDIANA UNDER 28 U.S.C. §1404(a)

Mirowski does not address the fact that its '288 Counterclaim may be severed to allow for transfer to the Southern District of Indiana.  Mirowski also does not dispute Medtronic's assertion that the Southern District of Indiana would be more convenient.  Rather, it points to the instant lawsuit and appears to argue that litigating the '288 Counterclaim in Delaware would pose no inconvenience since the parties are already in this Court on a wholly unrelated matter. (D.I. No. 53 at p. 7).  That Medtronic initiated the present litigation pursuant to an Agreement relating to the '119 and '897 patents in this Court does not negate the fact that litigation is pending in the Southern District of Indiana between the same parties related to the '288 patent— litigation at the heart of Mirowski's '288 Counterclaim.  The convenience of the parties and relevant private interest factors strongly weigh in favor of transfer.

Finally, Mirowski does not dispute that judicial economy would be served by transfer of its Counterclaim.  Instead, Mirowski merely points to its narrow characterization of the issue presented by its Counterclaim and, without explanation, makes the bald assertion that the public interest factors presented by Medtronic are "baseless." (D.I. No. 53 at p. 7).  As detailed above, judicial economy strongly supports transfer.

---

[3] The St. Jude case is currently before the Federal Circuit for a fifth time. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, Case Nos. 2007-1296, -1347 (Fed. Cir.).

4

## **CONCLUSION**

For all of the reasons set forth herein, Medtronic respectfully renews its request that the Court dismiss Mirowski's '288 Counterclaim or, in the alternative, sever the Counterclaim and transfer it to the United States District Court for the Southern District of Indiana.

Dated: June 13, 2008
Public Version Dated: June 20, 2008

By /s/Arthur G. Connolly, III
Arthur G. Connolly, III (Bar No. 2667)
Meredith L. Gaudio (Bar No. 5088)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 658-5614
Email: AConnollyIII@cblh.com
Mgaudio@cblh.com

and

Martin R. Lueck, Esq.
Jan M. Conlin, Esq.
Richard M. Martinez, Esq.
Sharon E. Roberg-Perez, Esq.
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF
MEDTRONIC, INC.

## **CERTIFICATE OF SERVICE**

I, Arthur G. Connolly, III, hereby certify that on June 20, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 20, 2008, the foregoing document was served on the following persons as indicated below:

| | |
|---|---|
| Richard L. Horwitz (rhorwitz@potteranderson.com)<br>David Ellis Moore (dmoore@potteranderson.com)<br>Potter Anderson & Corroon, LLP<br>Hercules Plaza - 6th Floor<br>1313 North Market St.<br>Wilmington, DE 19899-0951 | *Via e-mail* |
| Arthur I. Neustadt (aneustadt@oblon.com)<br>Oblon, Spivak, McClelland, Maier &<br>   Neustadt, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314 | *Via e-mail* |
| Frederick L. Cottrell, III (cottrell@rlf.com)<br>Anne Shea Gaza (gaza@rlf.com)<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | *Via e-mail* |
| J. Michael Jakes (mike.jakes@finnegan.com)<br>Naveen Modi (naveen.modi@finnegan.com)<br>Kathleen A. Daley (kathleen.daley@finnegan.com)<br>Finnegan Henderson Farabow<br>   Garrett & Dunner LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413 | *Via e-mail* |

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)