IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-823-SLR-LPS |
| ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | **JURY TRIAL DEMANDED** |
| GUIDANT CORPORATION and MIROWSKI ) | |
| FAMILY VENTURES, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

At Wilmington this 21th day of ___July___, 2008, the parties

having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a

pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures**.  The parties have exchanged the information

required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery**.

(a)    Discovery will be needed on the following subjects:

Generally, Plaintiff Medtronic will need discovery regarding its claims that the accused

Medtronic devices do not infringe the asserted '119 Reissue Patent claims 15, 19, 20 and 26, and

the asserted '897 Reissue Patent claims 120, 162, 172, 184, 201, 211, 217, 225, 233, 248, 273,

282, 288, 294, 303, 308, 309, 314, 315, 320 and 324-328, and that the asserted '119 Reissue

Patent claims and the asserted '897 Reissue Patent claims are invalid pursuant to 35 U.S.C. §§

101, 102, 103, 112, 132, 251.

Generally, Defendants will need discovery regarding Medtronic's assertions as to non-infringement and invalidity and its assertions as to distribution of the escrow account set forth in defendant MFV's counterclaim.

(b)      All fact discovery shall be commenced in time to be completed by

____March 16, 2009____ .

(1)      Document production by the parties shall be completed on or before ____October 31, 2008____ .

(2)      Maximum of __25__ interrogatories by each party to any other party.

(3)      In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)      Maximum of __50__ requests for admission by each party to any other party.

(5)      In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)      Maximum of __12__ fact depositions by plaintiff and _12_ by defendant(s). Each fact deposition [other than of _depositions involving a foreign language

and translator ] limited to a maximum of __7__ hours unless extended by agreement of the parties.

        (c)     Expert discovery shall be commenced in time to be completed by ____June 8, 2009____ .

        (1)     Expert reports on issues for which the parties have the burden of proof due ____March 31, 2009____ . Rebuttal expert reports due ____May 11, 2009____ .

        (2)     Expert depositions to be limited to a maximum of __7__ hours unless extended by agreement of the parties.

        (3)     All Daubert motions shall be filed on or before ____July 1, 2009____ .

        (d)     Supplementations under Rule 26(e) due as provided in the Federal Rules of Civil Procedure.

        (e)     **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before ___February 27, 2009___ .

4.    **Contentions.**

a.    Contention interrogatories shall first be addressed by the party with the burden of proof no later than ___November 28, 2008___, with the responsive answers due no later than ___December 31, 2008___. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

b.    With respect to new claims asserted by defendants in their responsive answers provided pursuant to Section 4(a), Medtronic shall have until ___January 31, 2009___ to amend its defenses regarding both invalidity and noninfringement.

5.    **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on _February 15, 2009._ This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement.


_____
United States District Judge


871063 / 32582