IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-823-SLR |
| ) | |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| GUIDANT CORPORATION and ) | |
| MIROWSKI FAMILY VENTURES, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of January, 2010, having considered the parties' various pretrial evidentiary disputes;

IT IS ORDERED that:

1. **December 14, 2009 deposition of Pilar Barredo Sobrino.** The only part of the deposition that shall be stricken are those questions relating to access, i.e., those questions recited on pages 2 and 3 of Medtronic's January 13, 2010 letter (D.I. 183), as those were the only portions of the 2009 deposition clearly identified as different from the 2007 deposition.

2. **Doctrine of equivalents.** I find that Dr. Berger's expert report adequately addresses the doctrine of equivalents and, therefore, he may testify at trial consistent with his report.

3. **Prosecution history estoppel and indefiniteness.** Under the

circumstances of this case, I also find that Medtronic is not precluded from offering defenses based on prosecution history estoppel and indefiniteness, based on the facts of record (including the deposition of Dr. Berger).

4. To the extent any party contends that an issue was not sufficiently vetted through expert reports or discovery, the objection should be made of record at trial and argued in port-trial briefing.

*[signature]*
United States District Judge