IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDTRONIC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-823-SLR |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| GUIDANT CORPORATION, and | ) |
| MIROWSKI FAMILY VENTURES L.L.C., | ) REDACTED - PUBLIC VERSION |
| | ) |
| Defendants. | ) |

**MEDTRONIC, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES PURSUANT TO THE PARTIES' AGREEMENT**

OF COUNSEL:
Martin R. Lueck
Jan M. Conlin
Stacie E. Oberts
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
jcastellano@shawkeller.com
dfry@shawkeller.com
*Attorneys for Plaintiff Medtronic, Inc.*

Dated: December 5, 2014

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................................. 2

STATEMENT OF FACTS .............................................................................................................. 2

I.   MEDTRONIC ENTERED INTO A LICENSE AGREEMENT IN 1991 WITH ELI LILLY THAT PROVIDED FOR THE PAYMENT OF FEES TO THE PREVAILING PARTY ................................................................................................... 2

II.  THE PARTIES ENGAGED IN LITIGATION PURSUANT TO THE LICENSE AGREEMENT ON TWO SEPARATE OCCASIONS PRIOR TO THE UNDERLYING LITIGATION ............................................................................ 3

III. THE PARTIES ENTERED INTO A SEPARATE AGREEMENT ABOUT THE CONDUCT OF THE UNDERLYING LITIGATION ........................................... 4

IV.  THIS COURT FOUND THAT MEDTRONIC DID NOT INFRINGE ANY OF THE ASSERTED PATENTS, WHICH WAS ULTIMATELY AFFIRMED ON APPEAL ............................................................................................................... 5

ARGUMENT .................................................................................................................................. 6

I.   MEDTRONIC IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES PURSUANT TO THE PARTIES' AGREEMENT ........................................... 6

II.  MIROWSKI'S OBJECTIONS TO PAYING MEDTRONIC'S FEES ARE MERITLESS ........................................................................................................... 7

    A.   Any Prior Discussions by the Parties Are Irrelevant ............................................. 8

    B.   Medtronic Is Entitled to its Reasonable Attorneys' Fees Regardless of Who Signed the 1991 License Agreement ............................................................. 8

    C.   Medtronic's Motion is Timely .............................................................................. 10

CONCLUSION ............................................................................................................................. 12

<5>
<6>
<7>
<8>
<9>
<10>
<11>
<12>
<13>
<14>
<15>
<16>
<17>
<18>
<19>
<20>
<21>
<22>
<23>
<24>
<25>
<26>
<27>
<28>
<29>
<30>
<31>
<32>
<33>
<34>
<35>
<36>
<37>
<38>
<39>
<40>
<41>
<42>
<43>
<44>
<45>
<46>
<47>
<48>
<49>
<50>

# **TABLE OF AUTHORITIES**

**Cases**

*Bordeaux Wine Locators Inc. v. Matson Navigation Co.*,
    Nos. 97-35581, 97-35587, 97-355643, 1999 U.S. App. LEXIS 12030 (9th Cir.
    June 8, 1999) .................................................................................................... 11

*Capital Asset Research Corp. v. Finnegan*,
    216 F.3d 1268 (11th Cir. 2000) ........................................................................ 11

*Chergosky v. Crosstown Bell, Inc.*,
    463 N.W.2d 522 (Minn. 1990) ........................................................................... 6

*Clarke v. Mindis Metals, Inc.*,
    No. 95-5517, 1996 U.S. App. LEXIS 27925 (6th Cir. Oct. 24, 1996) .............. 12

*Denelsbeck v. Wells Fargo & Co.*,
    666 N.W.2d 339 (Minn. 2003) ........................................................................... 6

*Gutierrez v. Red River Distributing, Inc.*,
    523 N.W.2d 907 (Minn. 1994) ........................................................................... 8

*Hous. & Redev. Auth. of Chisolm v. Norman*,
    696 N.W.2d 329 (Minn. 2005) ........................................................................... 8

*Knudsen v. Transport Leasing/Contract, Inc.*,
    672 N.W.2d 221 (Minn. Ct. App. 2003) ............................................................ 6

*M.A. Mortenson Co. v. Gem Mech. Servs.*,
    No. 06-cv-2182, 2006 U.S. Dist. LEXIS 48417 (D. Minn. July 14, 2006) ........ 9

*Material Movers, Inc. v. Hill*,
    316 N.W.2d 13 (Minn. 1982) ............................................................................. 8

*Rosenberg v. Heritage Renovations, LLC*,
    685 N.W.2d 320 (Minn. 2004) ........................................................................... 9

*State ex rel. Humphrey v. Philip Morris USA, Inc.*,
    713 N.W.2d 350 (Minn. 2006) ........................................................................... 6

*Travertine Corp. v. Lexington-Silverwood*,
    683 N.W.2d 267 (Minn. 2004) ........................................................................... 6

**Rules**

Delaware Local Rule 54.3(a) .................................................................................. 12

Federal Rule of Civil Procedure 54(d)(2) ........................................................ 11, 12

# INTRODUCTION

Medtronic brought this action pursuant to a 1991 license agreement between the parties that allowed Medtronic, as the licensee, to challenge assertions of infringement by Mirowski Family Ventures and Guidant/Boston Scientific. The license agreement explicitly states that in any litigation brought pursuant to the license agreement, ████████████████████ ████████████████████████████████████████ Nothing in the parties' subsequent agreements changes that provision with respect to this action. Now that this Court's decision finding that Medtronic did not infringe has been finally upheld on appeal, there can be no question that Medtronic is the "winning party." Despite that, Mirowski and Guidant/Boston Scientific refuse to comply with their contractual obligation to pay Medtronic's attorneys' fees. Medtronic, therefore, submits this brief in support of its motion for attorneys' fees pursuant to the parties' license agreement.[1]

# NATURE AND STAGE OF THE PROCEEDINGS

This matter is before this Court after lengthy appellate proceedings. This Court, after a five-day bench trial, found that Mirowski, as the patentee, failed to meet its burden of proving that the accused Medtronic products infringed the claims asserted by Mirowski. The Federal Circuit reversed this Court's decision, finding—for the first time—that the accused infringer (Medtronic) had the burden of proving non-infringement. The United States Supreme Court granted cert and agreed with this Court—that the burden of proving infringement always resides

---

[1] The parties and the Court have agreed that Medtronic's brief will only address whether attorneys' fees should be awarded. If this Court concludes that the agreement requires the defendants to pay Medtronic's reasonable attorneys' fees, then Medtronic will file a brief as to why its fee request is reasonable.

with the patentee. Based on that holding, the Federal Circuit affirmed this Court's finding of non-infringement.

## SUMMARY OF THE ARGUMENT

1. The parties' license agreement contains an unambiguous provision that in any litigation brought pursuant to that agreement the losing party must pay the winning party's reasonable attorneys' fees and court costs.

2. Medtronic is the winning party as defined in the license agreement, and thus Boston Scientific and Mirowski Family Ventures are contractually obligated to pay Medtronic's reasonable attorneys' fees and costs.

## STATEMENT OF FACTS

**I.   Medtronic entered into a license agreement in 1991 with Eli Lilly that provided for the payment of fees to the prevailing party.**

There is a long history of litigation involving the parties in this case. Ely Lilly & Co. ("Lilly"), Guidant's predecessor-in-interest to the patents-in-suit, entered into a license agreement with Medtronic in 1991. [Ex. A.[2]] That license agreement included a sublicense to patents owned by Mirowski Family Ventures, including the '119 and '897 reissue patents in this litigation. The license agreement gave Medtronic the right to challenge allegations of infringement of any of the licensed Mirowski patents through one or more declaratory actions:



---

[2] All references to "Ex. ___" in this brief refer to the exhibits to the Declaration of Stacie E. Oberts in Support of Medtronic Inc.'s Opening Brief in Support of Its Motion for Attorneys' Fees Pursuant to the Parties' Agreement, filed contemporaneously herewith.

███████████████████████████████████████████████████
███

[Ex. A at p. 6.]

If Medtronic paid the royalties, however, it was provided the right to challenge infringement, validity and enforceability through a Declaratory Judgment action. [*Id.*] The agreement states ███████████████████████████████████████

███████████████████████ [*Id.* at pp. 6-7.] The agreement explains that █████

████████████████████████████████████████████████████

█████████████████████████████ [*Id.* at p. 7.]

**II.     The parties engaged in litigation pursuant to the license agreement on two separate occasions prior to the underlying litigation.**

Prior to the underlying action, there were two separate litigations stemming from the 1991 license agreement. On both occasions, the parties entered into a separate agreement which included a provision that, ██████████████████████████████████

████████

First, Mirowski asserted the '119 reissue patent against certain Medtronic products, including the InSync III, InSync Marquis, and InSync III Marquis ("2003 litigation"). [Ex. C.] Medtronic argued that the reissued patent improperly recaptured scope that had been surrendered. The parties entered into an agreement to outline how that litigation would be conducted, including for example, that the action would be a bench trial, that Guidant/Mirowski would stipulate that the reissue was a broadening reissue, and that Medtronic would not assert

---

[3] This paragraph was amended by agreement of the parties on April 4, 2003. The amendment made clear that on the first occasion, Medtronic would have 90 days to cure the nonpayment of royalties, but that on each subsequent occasion, Medtronic would have a 10 day cure period. [Ex. B at p. 5.] Ginat Mirowski signed that agreement on behalf of Mirowski Family Ventures.

non-infringement of the three products at issue ("the August 28, 2003 agreement"). [*Id.* at p. 2.] In the August 28, 2003 agreement, the parties stated █████████████████████████████████████████████████████████████████████████████████████████████████████████████████ [*Id.* at p. 3.] That agreement was signed by Arthur Neustadt on behalf of Mirowski Family Ventures. [*Id.*]

Second, prior to the 2003 litigation, the parties had been engaged in litigation in Indiana over another Mirowski patent, the '288 patent. The August 28, 2003 agreement addressed the Indiana action, ██████████████████████████████████████████████████ [*Id.* at p. 1.] Subsequently, the parties entered into another agreement to dismiss the Indiana action. That agreement, dated February 2, 2004, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ [Ex. D at p. 1.] That agreement was signed by Sidney Silver on behalf of Mirowski Family Ventures. [*Id.* at p. 3.]



### III. The parties entered into a separate agreement about the conduct of the underlying litigation.

The current litigation was conducted under a separate agreement by the parties, specifically a Litigation Tolling Agreement entered into in July 2006. The 2006 tolling agreement was signed by Mirowski Family Ventures, Guidant[4] and Medtronic. That agreement tolled the timing for Medtronic to file a declaratory judgment action regarding Guidant and Mirowski's infringement assertions regarding Medtronic's InSync ICD, InSync II Marquis, InSync Maximo, InSync and InSync Sentry products (defined in the agreement as the "Second

---

[4] Guidant was later acquired by Boston Scientific.

4

Products.") [Ex. E at p. 3.] The 2006 tolling agreement, in part, 

[*Id.* at pp. 3-4.]

With respect to the "Second Products," which are the products at issue in this litigation, the 2006 tolling agreement set the parameters for how the declaratory judgment action would be conducted. [*Id.* at pp. 6-7.] These include, for example, that Guidant and Mirowski would not assert more than thirty patent claims in total.

### IV. This Court found that Medtronic did not infringe any of the asserted patents, which was ultimately affirmed on appeal.

After a bench trial, on March 30, 2011, this Court found that Mirowski had not met its burden of proving that any of the asserted claims were infringed. [D.I. 256.] Mirowski filed its Notice of Appeal just two days later. [D.I. 260.]

On September 18, 2012, the Federal Circuit reversed, finding that Medtronic, as the licensee, bore the burden of proving that its products did not infringe. The Federal Circuit therefore vacated this Court's decision and remanded the case for further proceedings.

Medtronic filed a Petition for Certiorari at the U.S. Supreme Court. The Supreme Court granted the petition, and ultimately reversed the Federal Circuit's decision, finding that the

---

5

patentee always bears the burden of infringement. On remand, the Federal Circuit affirmed this Court's decision of non-infringement. Medtronic, therefore, owes no royalties to Mirowski.

## ARGUMENT

**I.    Medtronic is entitled to its reasonable attorneys' fees pursuant to the parties' agreement.**

This is a straightforward issue of contract interpretation, and the 1991 license agreement is clear. After setting forth the rules of engagement for litigation over the validity, enforceability, or infringement of patents under the Mirowski license, the 1991 license agreement states:

[REDACTED]

[Ex. A at p. 6.]

In Minnesota,[6] a court asked to interpret a written contract must first determine if the contract is ambiguous. *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). An unambiguous contract must be given its plain and ordinary meaning; that meaning is deemed to be conclusive evidence of the parties' intent. *State ex rel. Humphrey v. Philip Morris USA, Inc.*, 713 N.W.2d 350, 355 (Minn. 2006); *Knudsen v. Transport Leasing/Contract, Inc.*, 672 N.W.2d 221, 223 (Minn. Ct. App. 2003). A written contract is ambiguous only if its language is reasonably susceptible of more than one interpretation. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003). In deciding whether a contract is ambiguous, a court must consider only the contract's language (and not extrinsic evidence), read the contract as a whole, and, if possible, reject any interpretation that would render a provision of the contract meaningless. *Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 525-26 (Minn. 1990).

---

[6] The license agreement, as well as the 2006 tolling agreement, are interpreted and construed under Minnesota law. [Ex. A at p. 12; Ex. E at p. 8.]

Here, there is nothing ambiguous about the license agreement— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And, the license agreement is also unambiguous about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, the contract must be given its plain and ordinary meaning.

Now that the appellate proceedings are resolved, Medtronic must be considered the winning party because Medtronic owes no royalty obligations. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The only other agreement the parties entered into that relates to this litigation is the 2006 tolling agreement, and that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That provision therefore remains in full force and effect, and Medtronic is entitled, under the contract, to its reasonable attorneys' fees.

**II.     Mirowski's objections to paying Medtronic's fees are meritless**

When Medtronic filed its Complaint, it made clear that it was seeking its attorneys' fees pursuant to the license agreement. [D.I. 1 at pp. 8-9 ("That Medtronic be awarded its costs, disbursements and attorneys' fees herein in accordance with the terms of the Agreement.").] After the appellate proceedings were concluded, Medtronic informed Mirowski that it was entitled to receive its reasonable attorneys' fees as contemplated by the license agreement. Mirowski, however, objected and has since advanced three different arguments, each of which is rebutted below.[7]

---

[7] Boston Scientific also opposes but has not provided any basis for their opposition. [See D.I. 276 p. 2.]

7

### A. Any prior discussions by the parties are irrelevant.

When Medtronic first raised the issue of attorneys' fees pursuant to the license agreement, Mirowski stated that during the discussions leading up to the 2006 tolling agreement, the parties agreed that they would each bear their own attorneys' fees. There is no evidence, however, that the parties had such discussions. Even if there were such evidence, it would be irrelevant. When a contract is unambiguous, any additional discussions the parties may have had are irrelevant, and cannot be used to change the plain language of the agreement. *See Hous. & Redev. Auth. of Chisolm v. Norman*, 696 N.W.2d 329, 337 (Minn. 2005). Under Minnesota law, "'the parol evidence rule makes inadmissible evidence concerning discussions prior to or contemporaneous with the execution of a written instrument when that evidence contradicts or varies the terms of the written agreement.'" *Gutierrez v. Red River Distributing, Inc.*, 523 N.W.2d 907, 908 (Minn. 1994) (quoting *Material Movers, Inc. v. Hill*, 316 N.W.2d 13, 17 (Minn. 1982)). Since the tolling agreement is unambiguous, any prior discussions cannot change the plain language of the agreement.

Regardless, the 2006 tolling agreement "supersedes all prior discussions, negotiations, understandings and agreements among the Parties concerning the subject matter hereof." [Ex. E at p. 8.] Mirowski's assertions, therefore, should be rejected.

### B. Medtronic is entitled to its reasonable attorneys' fees regardless of who signed the 1991 license agreement.

Next, Mirowski argued that it did not sign the 1991 license agreement, and thus is not bound by the attorneys' fees provision. But that fact is immaterial to Medtronic's right to recover its fees from the losing party. The contract mandates that ████████████████████████████████████████████████████████████████████████ Whether the fees are paid by Boston Scientific, as the successor-in-interest to Lilly and a losing party in this litigation, or by

8

Mirowski, or by some combination of the losing parties, the contractual benefit to Medtronic is the same. Under the 1991 license agreement, Medtronic is entitled to its fees; how Mirowski and Boston Scientific allocate that cost between them is irrelevant to Medtronic.

Nevertheless, Medtronic disagrees with Mirowski's assertion that it is not bound by the 1991 license agreement, for multiple reasons. First, under Minnesota law, a principal is bound by contracts made by its agent acting within its authority, even if the principal is unnamed. *Rosenberg v. Heritage Renovations, LLC*, 685 N.W.2d 320, 331 (Minn. 2004). Here, although Mirowski did not sign the 1991 agreement, it was named, and ███████████████████████████████████████████████████████████████████████████████████ [Ex. A at p. 7.] ███████████████████████████████████████████████████████████████████████████████████ and Mirowski is therefore bound by that obligation.

Second, Mirowski is bound by the attorneys' fees provision under the doctrine of equitable estoppel, which precludes a party from enjoying the rights and benefits under a contract while at the same time avoiding its burdens and obligations. *M.A. Mortenson Co. v. Gem Mech. Servs.*, No. 06-cv-2182, 2006 U.S. Dist. LEXIS 48417, at *7-8 (D. Minn. July 14, 2006) (applying equitable estoppel in the context of an arbitration clause and citing multiple circuit courts for the proposition that the doctrine extends to nonsignatories). Mirowski cannot dispute that it has enjoyed the rights provided by the 1991 license agreement, since it has asserted infringement against Medtronic on numerous occasions with respect to the licensed Mirowski

9

patent portfolio. Mirowski has also received significant benefits under the 1991 agreement in the form of royalties paid by Medtronic.

Third, Mirowski has acquiesced to the validity and enforceability of the terms of the 1991 license agreement. For example, Mirowski cannot dispute that the 1991 agreement created the framework within which this litigation proceeded. In fact, the sentence that immediately precedes the fee provision includes additional obligations that Mirowski accepted in this litigation. [*See* Ex. A at p. 6 ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████] Having accepted the benefits of the 1991 license agreement for decades, Mirowski cannot pick and choose between the obligations that are directly related to that benefit.

Furthermore, Mirowski repeatedly signed agreements modifying the duties and obligations set forth in the 1991 license agreement with respect to specific litigations. And Mirowski signed the 2006 tolling agreement which set forth the rules of engagement for this litigation.

Thus, while Mirowski's suggestion that it is not bound by the 1991 agreement is irrelevant to Medtronic's entitlement to its reasonable attorneys' fees, Mirowski should be estopped from taking such a position based on its actions with respect to that agreement over the course of the past twenty-three years.

### C.   Medtronic's motion is timely.

Mirowski recently argued that Medtronic's motion is untimely under Federal Rule of Civil Procedure 54(d)(2). Mirowski is wrong.

10

Rule 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The Rule then goes on to state that such a motion must "be filed not later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Mirowski's reliance on Rule 54(d)(2) is misplaced for two reasons.

First, as the comments to Rule 54(d)(2) make clear, that Rule does not apply to Medtronic's claims for attorney fees, since it is based on a contractual provision between the parties. The Advisory Committee Notes to the 1993 amendment explain that paragraph (2) "does not, however, apply to fees recoverable as an element of damages, *as when sought under the terms of a contract*." Fed. R. Civ. P. 54(d)(2) advisory committee notes (1993) (emphasis added).

Medtronic's request for attorney fees under the terms of the 1991 license agreement is therefore not subject to the timing of Rule 54(d)(2), as multiple circuit courts of appeal have recognized. *See Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) ("It is true that the Advisory Committee notes clarify that Rule 54(d)(2) is not applicable to attorneys' fees recoverable as an element of damages, and the Advisory committee cites attorneys' fees pursuant to the terms of a contract as an example thereof."); *Bordeaux Wine Locators Inc. v. Matson Navigation Co.*, Nos. 97-35581, 97-35587, 97-355643, 1999 U.S. App. LEXIS 12030, at *13 (9th Cir. June 8, 1999) (noting that fees sought under the terms of a contract are not subject to the procedures set out in Rule 54(d)(2)(B)); *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 1996 U.S. App. LEXIS 27925, at *25 (6th Cir. Oct. 24, 1996) ("In cases where the substantive law provides for the recovery of fees as an element of damages, for

11

instance whenever an attorney's fee provision is contained in a contract and not a statute, no motion need be made under Rule 54(d)(2)(A).").

Second, Rule 54(d)(2) states that the timing set forth in that rule does not apply where "a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). Delaware Local Rule 54.3(a) in turn provides: "Where a judgment is not a final judgment on all claims, failure to apply for attorneys' fees shall not prevent a party from applying for fees after entry of final judgment." Here, the Court's March 30, 2011 Order was not a final judgment on all claims. At that time, Mirowski's counterclaim relating to the '288 patent remained in the case. Accordingly, even if the timing set forth in Federal Rule 54(d)(2)(B) applied to claims for attorneys' fees based on a contract, Delaware Local Rule 54.3(a) is a court order that provides otherwise and, in this case, exempts Medtronic from the 14-day requirement under the Federal Rule.

## CONCLUSION

For the reasons set forth above, Medtronic respectfully requests that the Court give effect to the 1991 license agreement and find that Medtronic is entitled to its reasonable attorneys' fees.

Respectfully submitted,

*/s/ Jeffrey T. Castellano*

| OF COUNSEL : | John W. Shaw (No. 3362) |
| --- | --- |
| Martin R. Lueck | Jeffrey T. Castellano (No. 4837) |
| Jan M. Conlin | David M. Fry (No. 5486) |
| Stacie E. Oberts | SHAW KELLER LLP |
| ROBINS, KAPLAN, MILLER & CIRESI LLP | 300 Delaware Avenue, Suite 1120 |
| 2800 LaSalle Plaza | Wilmington, DE 19801 |
| 800 LaSalle Avenue | (302) 298-0700 |
| Minneapolis, Minnesota 55402-2015 | jshaw@shawkeller.com |
| (612) 349-8500 | jcastellano@shawkeller.com |
|  | dfry@shawkeller.com |
| Dated: December 5, 2014 | *Attorneys for Plaintiff Medtronic, Inc.* |

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on December 5, 2014, this document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

Frederick L. Cottrell, III
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Arthur I. Neustadt
Thomas J. Fisher
John F. Presper
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke St.
Alexandra, VA 22314
jpresper@oblon.com
tfisher@oblon.com
aneustadt@oblon.com

J. Michael Jakes
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNDER LLP
901 New York Avenue, NW
Washington, DC 20001-4413
mike.jakes@finnegan.com

SHAW KELLER LLP

*/s/ Jeffrey T. Castellano*
Jeffrey T. Castellano (No. 4837)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jcastellano@shawkeller.com
*Attorneys for Plaintiff*